334 So.2d 305 (1976)
Harry Martin DODSON, Appellant,
v.
STATE of Florida, Appellee.
No. Z-484.
District Court of Appeal of Florida, First District.
June 10, 1976.
Rehearing Denied July 21, 1976.
*306 Richard W. Ervin, III, Public Defender, and Douglas C. Kearney, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SMITH, Judge.
There was weighty circumstantial evidence that Dodson committed arson by setting fire to the dwelling of his former wife. The latter stages of the marriage were marked by hostility. There was physical evidence that fire broke out in the unoccupied house as a result of arson. Dodson was seen by three witnesses entering the dwelling the evening before, near the hour when, according to expert testimony, the fire must have been set. Dodson falsely denied going to the house that night. Firemen found the doors of the house locked, and Dodson, his former wife and her children had the only keys. The evidence was sufficient to submit to a jury.
The substantial question on this appeal is whether Dodson's trial was prejudiced by the admission against him of his former wife's testimony describing an episode of marital conflict involving fire which occurred three months earlier, just before dissolution of their marriage. After a day of argument, resulting in her ignoring his conversation as they sat in the living room of their home, he tore pages out of a book she was reading and set them afire in an ashtray. When she ignored even that, he made a menacing gesture toward her nightgown with a lighted match. Dodson asserts that the admission of this evidence was error.
The trial court held that the contested evidence
"... cast light upon the character of the act in the case at bar and [was] admitted ... to show motive, intent, absence of mistake, common scheme, identity or a system of general criminality so that the evidence of the prior acts directed of the Defendant toward his former wife during their marriage had a relevant and material bearing on the charge of arson of the Defendant's former wife's house."
The evidence complained of was relevant in the popular sense of the word. That Dodson's hostility toward his wife previously manifested itself in a threat of injury by fire surely encourages a suspicion that, in the absence of other more likely suspects, it was again Dodson who lit the match. It was in his character to display wrath toward her in that way; he had shown a propensity to hurt his wife by fire. To doubt a rational relationship between the prior event and the present hypothesis of guilt is to deny the jurors' ability to make the simplest of equations: he did it before, he did it again.
But the issue is not whether the evidence was relevant in so obvious a way. Rather, it is whether the evidence was "relevant for any purpose save that of showing bad character or propensity... ." Williams v. State, 110 So.2d 654, 662 (Fla. 1959) (emphasis added). For while the law regards it pertinent that Dodson harbored antipathy, even violent hostility, toward his former wife, it recognizes, as McCormick's treatise states,
"... relevance is not always enough. There may remain the question, is its value worth what it costs? There are several counterbalancing factors *307 which may move the court to exclude relevant circumstantial evidence if they out weigh its probative value. In order of their importance they are these. First, the danger that the facts offered may unduly arouse the jury's emotions of prejudice, hostility or sympathy. Second, the probability that the proof and the answering evidence that it provokes may create a side-issue that will unduly distract the jury from the main issues... ." C. McCormick, Law of Evidence § 152 at 319 (1954 ed.).
Jones' treatise similarly states:
"... [I]t is not proper to show by proof of previous bad conduct that [the accused] has a propensity for committing crime, and because he committed other crimes on previous occasions he probably committed the crime in question.
......
"... [T]he rule is recognized, not because the evidence of previous offenses is irrelevant, but for other more plausible reasons. One basic reason for the rule is that such evidence is apt to be given too much weight, rather than too little, by the jury, thus resulting in the conviction of a defendant because he is a bad man and not because of his specific guilt of the offense with which he is charged." 1 Jones on Evidence § 4:18 at 417-18 (6th ed. 1972).
See also S. Gard, Florida Evidence 137 (5th ed. 1967); Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); Hooper v. State, 115 So.2d 769 (Fla.App.3d, 1959); Duncan v. State, 291 So.2d 241 (Fla.App.2d, 1974).
For what purpose was this evidence relevant other than to suggest Dodson's propensity to commit the offense charged? The evidence does not address the question of motive, which inquires into the accused's reason for acting as charged and suggests that because he had a specific reason to commit the offense, he did so. 2 Wigmore, Evidence § 354 (3d ed. 1940). Crime or misconduct may suggest a motive to kill when, for example, the accused committed a robbery, knew that he was the object of a search and, therefore, shot a policeman to avoid capture. Patterson v. State, 157 Fla. 304, 25 So.2d 713 (1946). See also McVeigh v. State, 73 So.2d 694 (Fla. 1954). A prior offense may supply a motive for attempted bribery of an officer investigating that offense. Zalla v. State, 61 So.2d 649 (Fla. 1952). Here, however, the State makes no plausible contention that Dodson's motive for committing arson was in any sense derived from his prior misconduct with fire.
Neither does the evidence tend to show a system or pattern of similar conduct tending to identify Dodson as the perpetrator. The house fire bore no hallmarks of previous fires known to have been set by Dodson. There was nothing in the nature of the fire or in the devices or substances used which proclaimed it to be the handiwork of the accused. See C. McCormick, Law of Evidence § 157 at 326-27 (1954 ed.). While proof of the accused's responsibility for several earlier fires would tend to show a design or system of which the fire in question is presumably but another manifestation, 2 Wigmore, Evidence § 304 (3d ed. 1940), a single prior dissimilar incident involving a dissimilar use of a flame does not suggest the existence of such a design or system.
The evidence was admissible to prove that Dodson acted intentionally, not accidentally or mistakenly, in setting fire to the house. Anticipating the hypothesis of innocence that Dodson inadvertently set the fire, the evidence suggested that he acted willfully, maliciously and in the same state of mind with which he acted not long before, when threatening his wife with fire. 1 Wharton, Criminal Evidence § 168 (13th ed. 1972). As in Commonwealth v. McCarthy, 119 Mass. 354, 355 (1876),
"The [State] was not precluded from proving that the building was burnt with *308 a willful intent, because the defendant conceded that fact before the trial began, and stated that the only question he desired to submit to the jury was whether he set the fire."
In view of the strength of the State's other evidence that the fire was intentionally set, there was a debatable question of whether the legitimate corroborative effect of the evidence on the issue of intent was outweighed by its improperly prejudicial tendency to suggest that Dodson had a propensity to hurt his wife by fire. The trial judge acted within sound discretion in admitting the evidence.
No other ground for disturbing the judgment appears. Without prejudice to any relief which Dodson may seek pursuant to Rule 3.850, R.Cr.P., based on previously undiscovered evidentiary material filed with the clerk of the circuit court September 22, 1975, Dodson's conviction is
AFFIRMED.
MILLS, Acting C.J., and EASTMOORE, E.L., Associate Judge, concur.