KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and *171 sentence for burglary and receipt of stolen property. Among the points raised by appellant, one requires reversal.
Appellant, in his second point on appeal, contends that the trial court erred in permitting the prosecutor to make collateral crimes the feature of his trial; thereby, depriving him of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 9 and 16, of the Constitution of the State of Florida. Our review of the record shows that the prosecutor introduced extensive evidence regarding a collateral offense to which appellant had entered a plea of nolo contendere. It is evident from the record that the prosecutor’s extensive utilization of such evidence was to emphasize appellant’s involvement in this other crime, thereby implicating appellant with a criminal propensity, i. e., to make appellant’s involvement in the collateral crime a main “feature” or theme in the instant case. Although the introduction of such evidence is permissible under certain circumstances, when it reaches to the extent as reflected by this record, in our opinion, it constitutes reversible error. See, e. g., Ashley v. State, 265 So.2d 685 (Fla.1972); Williams v. State, 117 So.2d 473 (Fla.1960); and Drayton v. State, 292 So.2d 395 (Fla. 3d DCA 1974). Accordingly, based upon this point, the judgment and sentence appealed are reversed and the cause is remanded for a new trial. In light of this determination, it is unnecessary for us to consider the other points raised by appellant.
Reversed and remanded.