378 So.2d 1315 (1980)
Frederick CLARK, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1301.
District Court of Appeal of Florida, Third District.
January 15, 1980.
Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before PEARSON and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PER CURIAM.
The defendant was found guilty after a jury trial upon an information charging him with possession of heroin and cocaine. On *1316 this appeal, he presents three points for reversal of the judgment and sentence. The first urges error upon the trial court's denial of motions for mistrial. The motions were made upon the ground that the prosecutor commented on acts of the defendant which amounted to evidence of non-existent collateral crimes. The second urges error in the failure to grant a mistrial based upon claimed inferences in the prosecutor's closing argument concerning the defendant's silence at trial and at the time of arrest. The third point claims error in the imposition of a general sentence.
We consider the governing question on this appeal to be whether the harmless error rule may be applied to violation of the collateral crimes rule as established by Williams v. State, 110 So.2d 654 (Fla. 1959).
In the course of his opening statement, the court allowed the prosecutor to tell the jury, over the defendant's objections and motions for mistrial, that the defendant "... did not appear for one of his Court appearances after being notified, and the State, or the Court, was unable to bring him before the Court again until early January of this year [1977]." We note that no proof of such defaults on the defendant's part was ever presented to the jury. The trial court could not have known that the State would not produce such evidence. We mention the comment because of its relevancy to further comments and the defendant's motions for mistrial.
Police officers testified that they initially arrested the defendant after they saw him running with a brown paper bag in his hand, following an extensive chase, when they pulled him from beneath a truck where the bag, which contained narcotics, was also located.
The officers also testified that between February 1975 and January 1977, they attempted to detain the defendant approximately sixteen times, but that on all such occasions, the defendant had escaped them by running. There was no testimony or evidence to tie these flights by the defendant to the currently-prosecuted crime or to an alias issued by any court. The defendant objected to this testimony and renewed his motion for mistrial.
Evidence of the defendant's guilt in this case was overwhelming. He was caught after fleeing from the police, hiding and then concealing the bag of narcotics which he had been carrying. It is well settled that a criminal conviction will not be reversed where the evidence of guilt is full and complete and there is no clear demonstration of a violation of substantial rights of the defendant with injury therefrom. See Ennis v. State, 300 So.2d 325 (Fla.1st DCA 1974); and Matera v. State, 218 So.2d 180 (Fla.3d DCA 1969).
We hold that in the absence of any evidence tying the sixteen occasions, or any of them, on which the defendant fled from police officers, to the prosecution of the instant case, the Williams rule was violated because the clear implication of the evidence was that the defendant was engaged in criminal conduct from which he was consistently fleeing the police. Cf. the principles in Matthews v. State, 366 So.2d 170 (Fla.3d DCA 1979); and Dibble v. State, 347 So.2d 1096 (Fla.2d DCA 1977).
Having held that error appears in the record, we turn to the question originally announced, of whether such a violation of the rule of evidence established in the Williams case may, under the circumstances of this particular case, be held to have been harmless. We believe that it is harmless and, accordingly, we hold that where the proof of guilt is clear and convincing so that even without the collateral evidence introduced in violation of the Williams rule, the defendant would clearly have been found guilty, then the violation of the rule may be considered harmless. See Hamilton v. State, 356 So.2d 30 (Fla.3d DCA 1978); Gordan v. State, 288 So.2d 295 (Fla.4th DCA 1974); Keel v. State, 243 So.2d 630 (Fla.4th DCA 1971). The record in this case fully supports such a determination by this court. The proof of the defendant's guilt was full, and it was established without substantial refutation on any point. There was, in fact, no real defense presented by the defendant. *1317 We, therefore, hold that the error in the introduction of evidence was not reversible.
The contention that the prosecutor commented upon the silence of the defendant is strained and could not reasonably have been given the meaning attributed to it. We, therefore, find no error on this point. See e.g., Whitney v. State, 132 So.2d 599 (Fla. 1961); Jones v. State, 355 So.2d 198 (Fla.3d DCA 1978); and Francis v. State, 343 So.2d 932 (Fla.3d DCA 1977).
The remaining point relating to the general sentence imposed upon the two counts of which the defendant was found guilty would present reversible error under authority of Dorfman v. State, 351 So.2d 954 (Fla. 1977); except for the fact that the rule announced in that opinion is not retroactive to invalidate sentences rendered prior to the time of its announcement "... where a challenge to the general sentence has [not] been made and properly preserved as a question for appellate review." Gonzalez v. State, 367 So.2d 1008, 1011 (Fla. 1979). No such challenge was made in the present case.
The judgment and sentences are affirmed.