415 So.2d 827 (1982)
Gerard MAINOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1733.
District Court of Appeal of Florida, Third District.
June 22, 1982.
*828 Clinton J. Pitts and Joel V. Lumer, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and BASKIN, JJ., and PEARSON, TILLMAN, (Ret.) Associate Judge.
PER CURIAM.
After a jury trial, Gerard Mainor was found guilty of first degree murder [Count I], sexual battery [Count 2] and burglary [Count 3]. As to Count 1, he was sentenced to life imprisonment without becoming eligible for parole for twenty-five years; as to Count 2, fifteen years; and as to Count 3, life imprisonment, the terms to run consecutively. The issue presented on this appeal is whether the court erred in permitting evidence of a prior collateral crime.
The evidence which was objected to was the testimony of the victim's mother that on the evening prior to the murder, she awoke to find the defendant in her home attempting to rape her daughter. The intruder was startled, ran out the door knocking the mother over, and exited the house. The two incidents were linked together by the mother's identification of the defendant as the intruder on the previous evening, as well as an identification made by the victim after the first incident.
Evidence of other crimes is generally admissible if it is relevant for a purpose other than to show the bad character of the accused or his propensity to commit crime. In the present case, evidence of the prior crime is admissible to establish the entire context out of which the criminal conduct arose, Smith v. State, 365 So.2d 704, 707 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Ashley v. State, 265 So.2d 685, 694 (Fla. 1972); to establish identity, Shriner v. State, 386 So.2d 525, 532 (Fla. 1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981); and to establish intent, Ashley, supra, at 707.
Even if the evidence of the collateral crime was inadmissible, we would be compelled to affirm because of the overwhelming evidence against the defendant which included confessions to two different individuals. See Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980).
Accordingly, the judgment and sentence are affirmed.