432 So.2d 60 (1983)
Wilfred Bernard HOLLAND, a/k/a Bernard T. Williams, Appellant,
v.
STATE of Florida, Appellee.
No. AK-46.
District Court of Appeal of Florida, First District.
March 29, 1983.
Rehearing Denied June 7, 1983.
Melanie Ann Hines, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of *61 armed robbery. We find that appellant has failed to present any point of reversible error and we therefore affirm the order appealed.
Appellant was found guilty of a December 5 bank robbery, after being identified by two bank tellers and after a video tape of the robbery was shown to the jury. During the course of the trial appellant was also identified as a participant in a December 17 bank robbery in the same geographical location. An information had previously been filed against appellant for the December 17 offense, but the charge was thereafter nolle prossed. Appellant contends that testimony as to his participation in the December 17 offense, which was admitted into evidence pursuant to § 90.404(2)(a), Florida Statutes, and Williams v. State, 110 So.2d 654 (Fla. 1959), was rendered inadmissible upon the state's nolle pros of the December 17 offense.
State v. Perkins, 349 So.2d 161 (Fla. 1977), established that evidence of collateral offenses may not be admitted into evidence after a defendant has been tried and acquitted of such offense. However, after considering constitutional constraints relating to double jeopardy and due process, Perkins carefully avoided predicating admissibility of collateral offense evidence upon conviction, and expressly cautioned that:
Nothing we say here forbids admission under the `Williams Rule' of relevant evidence of collateral crimes for which acquittals have not been obtained.
The decision to nolle pros a charge is a matter of prosecutorial discretion which may be exercised for reasons unrelated to the likelihood of conviction or the prosecutor's judgment as to the accused's guilt or innocence of the charged offense. A nolle pros is thus unlike an acquittal and does not preclude the admissibility, pursuant to § 90.404(2)(a) and Williams, of evidence as to the accused's involvement in the offense alleged in the nolle prossed information. In the present case the trial court therefore did not err by admitting evidence of appellant's involvement in the December 17 bank robbery. And since a nolle pros is not necessarily of any probative value as to the accused's guilt or innocence,[1] the trial court did not err in denying appellant's request to inform the jury that the information charging the December 17 offense had been nolle prossed.
Furthermore, considering the clear and convincing evidence identifying appellant as the perpetrator of the December 5 robbery, any error regarding the above-discussed issues would be harmless. Cf., Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980).
The order appealed is affirmed.
SHIVERS and JOANOS, JJ., concur.

ON MOTION FOR REHEARING
WENTWORTH, Judge.
Appellant's motion for rehearing is denied. However, we hereby certify as questions of great public importance:
WHETHER RELEVANT EVIDENCE OF A DEFENDANT'S PARTICIPATION IN A COLLATERAL OFFENSE WHICH HAS BEEN NOLLE PROSSED IS ADMISSIBLE?
IF NOT, WHETHER THE ERROR MAY BE HARMLESS?
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] The record in the present case suggests that the charge was nolle prossed for reasons unrelated to the strength of the state's evidence.