462 So.2d 46 (1984)
Herbert McKINNEY and Clifford McKinney, Appellants,
v.
STATE of Florida, Appellee.
No. AU-356.
District Court of Appeal of Florida, First District.
December 20, 1984.
Rehearing Denied January 30, 1985.
*47 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., Thomas Bateman III, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Herbert and Clifford McKinney, who are brothers, appeal their conviction, after a joint trial, of armed robbery, kidnapping and aggravated assault. We affirm.
Appellants were convicted following the robbery of Tom's Quick Mart in Wakulla County, Florida. Two black men entered the store, both with guns; one held the gun on the store's customers while the other obtained the money from the clerk. The men left. Clifford and Herbert were later identified by the customers and clerk, from a line-up and at trial, as the perpetrators of the crime.
The brothers do not challenge the validity and accuracy of these eyewitness identifications. Rather, they argue that the trial court erred in admitting a "similar fact" incident, otherwise known as Williams' Rule evidence, pursuant to Section 90.404(2), Florida Statutes (1983). The subject incident occurred earlier on the evening of the robbery with which appellants were charged. A black male, later positively identified as Herbert, entered Roberts' Food Store, located approximately six miles from the site of the robbery. He made a small purchase, then "hung around" the store, where its owner was carrying the day's cash receipts in his pocket. Herbert was accompanied by a second black male, never identified, who remained in a white car outside, and was seen holding a shotgun. The owner left the store with his wife and drove home. Herbert and his companion followed them and parked outside their house. After approaching the house and telling the owner they had "run out of gas," the two black men left. The subject robbery occurred soon after their departure.
Clifford and Herbert allege that the trial court erred in permitting the presentation of this Williams' Rule evidence, because the incident described was not sufficiently similar to the crime with which they were charged. Clifford further alleges that the admission of this evidence was erroneous as to him because the State's evidence did not adequately connect him to the incident. He also asserts error in the trial court's refusal to sever his trial from Herbert's, based on the prejudice caused by the admission of the incident, in which his involvement was not shown.
First of all, we hold that it was error to admit this incident as Williams' Rule evidence. This holding is based on the lack of any relevance to the crime charged. We do not agree with Clifford's argument that he was not adequately connected to the incident by the State's evidence, as required by Norris v. State, 158 So.2d 803, 804 (Fla. 1st DCA 1964). The white car which waited for Herbert outside of Roberts' store was identified by expert testimony as Clifford's. The man in the car had a shotgun similar to that Clifford was seen to possess at the robbery. We find this sufficient to connect Clifford to the incident so as to render it admissible against him, assuming its relevance to the crime charged. However, the incident does not appear to us to have any bearing on the subsequent robbery. It involved no robbery, attempted or threatened, nor any circumstances similar to the Tom's robbery. We cannot agree, therefore, that the incident demonstrates "identity, opportunity, intent, preparation [or] plan" in relation to the robbery charged, and it was error to admit it for that purpose.
We nevertheless affirm on this point, because we find the error harmless. Clifford and Herbert were identified as the perpetrators of the robbery, both from a line-up and at trial, by eyewitnesses thereto. "[W]here the proof of guilt is clear and convincing so that even without the collateral evidence introduced in violation of the Williams rule, then the violation of the rule may be considered harmless." Clark v. State, 378 So.2d 1315, 1316 (Fla. 3d DCA *48 1980); accord Holland v. State, 432 So.2d 60 (Fla. 1st DCA 1983). We find this to be the case here and affirm.
We also find no error in the trial court's refusal to sever Clifford's trial from Herbert's, based on his assertion of prejudice resulting from the admission of the Williams Rule evidence. We have already demonstrated that Clifford's connection with the incident was adequately shown by the State and that the admission thereof, though erroneous, was harmless error. "[M]otions for severance are addressed to the sound discretion of the trial judge. Therefore it is incumbent upon a defendant who appeals a denial of his motion for severance to show at least a likelihood that he did not get a fair trial because of the denial." Tifford v. State, 334 So.2d 91, 94 (Fla. 3d DCA 1976). Because Clifford has not met this burden, we affirm on this point as well.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.