490 So.2d 1062 (1986)
James Edward WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1692.
District Court of Appeal of Florida, Fifth District.
July 3, 1986.
*1063 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The issue on this appeal is whether the trial court erred by allowing in Williams rule[1] evidence concerning another offense. Appellant, James Edward Wilson (Wilson), was found guilty by a jury of delivery of cocaine and possession of cocaine arising from a sale of the substance on March 18, 1985.
During its opening statement at trial, the state mentioned to the jury that Williams rule evidence would be presented "in order for you to conclude the identity of the defendant, in order for you to conclude that the person that sold Officer Dyer cocaine is the same person that is in this courtroom today." The defense objected to this statement, claiming that such evidence would be presented to show bad character or propensity on the part of the defendant, and that there were not sufficient unique circumstances to render it of a character to be admissible under Williams. The court overruled the objection, stating that "the uniqueness of the collateral crime is the fact that it was the same substance sold in very much the same way, out of the same location."
Fred Dyer, of the Orlando Police Department, testified that he purchased two bags of cocaine from Wilson at 400 N. Parramore Street, Apartment No. 9, on March 18, 1985, for $20.00. Dyer testified he was in the apartment for about three to five minutes, that he could see Wilson clearly, and there was absolutely no doubt in his mind as to the identity of the seller.
The Williams rule testimony objected to on this appeal came during the testimony of Victor Thomas, of the Orange County Sheriff's Department, who testified he went to 400 N. Parramore Street, Apartment No. 2, on January 31, 1985, in an attempt to buy cocaine from one James Edwards. Thomas identified the defendant as "James Edwards," and stated that he purchased cocaine from him for $25.00. Thomas also testified that he was told by the people who later moved into Apartment No. 2 that Edwards had moved upstairs to Apartment No. 9 sometime between January 31 and March 18, 1985.
Appellant contends the trial court erred by allowing in this testimony as Williams rule evidence. The state counters that the *1064 evidence was properly presented to the jury as relevant to the issue of the defendant's identity and to his knowledge of the presence of a controlled substance in the items sold to the undercover officer.
The Williams rule has been codified in section 90.404, Florida Statutes (1985), which provides, in pertinent part:
(2) OTHER CRIMES, WRONGS, OR ACTS. 
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
Similar fact evidence is admissible if relevant to a fact in issue, even though it also points to the commission of a separate crime. Such evidence is inadmissible, however, if its sole relevancy is to establish bad character on the part of the accused. Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983). A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations. In order for the similar facts to be relevant, the points of similarity must have some special character or be so unusual as to point to the defendant. Peek v. State, 488 So.2d 52 (Fla. 1986); Drake v. State, 400 So.2d 1217, 1219 (Fla. 1981). The admission of improper collateral crime evidence is "presumed harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged." Peek, 488 So.2d at 55, quoting Straight v. State, 397 So.2d 903, 908 (Fla. 1981).
In the instant case, the Williams rule evidence consisted of testimony of an undercover officer that he bought a quarter piece, or $25.00 worth of cocaine, in a foil packet from the defendant at 400 North Parramore Avenue, Apartment No. 2, on January 31, 1985. The case for which the defendant was being tried concerned an undercover buy from the defendant in Apartment No. 9 of the same address, for two foils of 1/10 gram each of cocaine, on March 18, 1985. No unusual circumstances or conditions were alleged or shown for either drug buy and, thus, the admission of the evidence for identity was error. See also Malcolm v. State, 415 So.2d 891 (Fla. 3d DCA 1982); Leonard v. State, 429 So.2d 70 (Fla. 4th DCA 1983).
The state contends that the evidence of the prior drug buy was properly admissible as relevant to the issue of the defendant's knowledge of the nature of the controlled substance in the packet. However, based on State v. Medlin, 273 So.2d 394 (Fla. 1973), it is clear that the state is not required to prove intent to violate the drug possession or delivery statutes, and thus the question of guilty knowledge does not become pertinent to the state's case.
In the instant case, the evidence as to the January 31, 1985, drug buy is not admissible to the charge for which the defendant was tried. The fact of a prior sale does not establish identity for purposes of this case. Similarly, the state's claim that the evidence was material to the defendant's state of mind is without merit, since that is not an issue in this cause. Therefore, the trial court erred in allowing in the evidence, and a new trial is required.
The state contends that if, arguendo, the evidence was improperly allowed in, it was at best harmless error, and thus the cause should be affirmed. A violation of the Williams rule may only be considered harmless where proof of guilt is clear and convincing, so that even without the collateral evidence introduced in violation of Williams the defendant clearly would have been found guilty. Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980); Bricker v. State, 462 So.2d 556 (Fla. 3d DCA 1985). In Clark the defendant fled from the police, and was caught concealing a bag of narcotics which he had been carrying. Similarly, in Mainor v. State, 415 So.2d 827 *1065 (Fla. 3d DCA 1982), on which the state relies in support of its harmless error argument, the evidence included confessions made by the defendant to two different individuals. See also McKinney v. State, 462 So.2d 46 (Fla. 1st DCA 1984); Holland v. State, 432 So.2d 60 (Fla. 1st DCA 1983), affirmed, 466 So.2d 207 (Fla. 1985).
In the instant case, the only admissible evidence presented was the testimony of Officer Dyer, who conducted the undercover investigation. It cannot be stated that the defendant clearly would have been found guilty without the evidence of the prior drug transaction. The jury may very well have not believed Officer Dyer had it not been for the testimony of the other officer concerning the prior drug arrest. Under the circumstances, the error here was not harmless. Accordingly, this case is
REVERSED and REMANDED for new trial.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).