508 So.2d 1300 (1987)
Sylvester O'Neal LEE, Appellant,
v.
STATE of Florida, Appellee.
No. BL-351.
District Court of Appeal of Florida, First District.
June 17, 1987.
Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Sylvester O'Neal Lee appeals his conviction and sentence on multiple charges of *1301 kidnapping, sexual battery with a deadly weapon, robbery with a firearm, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. We find it necessary to reverse for the erroneous admission of collateral crime evidence.
The evidence at trial established that around 3:00 a.m. on December 13, 1983, the victim and two male friends were seated in a Camaro automobile in the Panama City area when appellant approached them with a handgun. A short struggle ensued and appellant put a towel over the victim's head and drove the car away with the victim in it. After driving for about forty-five minutes, appellant stopped the car and forced the victim to perform oral sex upon him, and then compelled the victim to have sexual intercourse with him. Appellant left the victim in the wooded area, and she eventually contacted law enforcement authorities. The results of her examination and testing with a rape kit revealed the presence of seminal fluid stains on her clothing and established the presence of semen of the blood group O, PGM type 1, which was consistent with appellant. Latent fingerprints found on the car and on a checkbook inside the car were identified as appellant's. At trial, the victim and her two friends, one of whom had known appellant previously, identified appellant as the person who committed the offenses. The state was permitted to present, over appropriate defense objections, testimony by three bank tellers who identified appellant as the participant in a bank robbery the following afternoon in Tallahassee.
Appellant first contends that the trial court erred in denying his motion to suppress the victims's out-of-court and in-court identification of appellant. We find no merit to this contention.
Next, appellant contends the trial court reversibly erred in admitting the evidence of appellant's participation in the bank robbery. The fact that appellant committed the bank robbery in Tallahassee shortly after the victim's abduction in Panama City, appellant argues, served no purpose other than to prejudice the jury against him; there were no identifiable points of similarity pervading the compared factual situations, and the facts neither had some special characteristics nor were so unusual as to point to defendant as the perpetrator of the charged offense. See Thompson v. State, 494 So.2d 203 (Fla. 1986). Appellant contends that the testimony relating to the bank robbery does not fit within the rule of admissibility set forth in Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), or section 90.404(2), Florida Statutes (1985), and that the admission of such evidence constituted reversible error.
The state answers appellant's argument in one page as follows:
In Heiney v. State, 447 So.2d 210 (Fla. 1984), the court approved the admission of collateral crime evidence citing Smith v. State, 365 So.2d 704 (Fla. 1978), for "establishment of the entire context out of which the criminal action occurred." Id. at 213, 214. See also Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981); and Tumulty v. State, 489 So.2d 150 (Fla. 4th DCA 1986). Thus, the fact that Appellant stole a car that was driven to Tallahassee and used in the commission of an armed bank robbery less than ten (10) hours later, not only established the context of the crime, but was also relevant to rebut the anticipated alibi defense that the Appellant had never been near the car. See Cotitia [Cotita] v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), and Dodson v. State, 344 334 So.2d 305 (Fla. 1st DCA 1976).
The evidence was clearly relevant to link Appellant to the Camaro and, therefore, was properly admitted.
The supreme court has held that "among the other purposes for which a collateral crime may be admitted under Williams is establishment of the entire context out of which the criminal action occurred." Heiney v. State, 447 So.2d at 213-14; Smith v. State, 365 So.2d 704 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). We conclude, however, that the testimony relating to the Tallahassee *1302 bank robbery was not admissible under that test. We are unable to perceive any factual connection between the two offenses that would relate the robbery to the several offenses under review and permit the jury to find that the circumstances surrounding the robbery in Tallahassee tended to prove any essential element of the Panama City offenses. Contrary to the assertion in the state's brief quoted above, there was no testimony or other evidence presented at trial which linked the stolen Camaro found in Tallahassee to the bank robbery. Nothing in this record establishes that appellant even drove the car to Tallahassee, much less used it in the robbery. At oral argument, counsel for the state stated, based on knowledge he gained in handling the appeal of appellant's conviction in a Tallahassee trial on the bank robbery charge, that a witness had seen appellant leave the bank in the stolen Camaro.[1] That may well have been true, but no such testimony was presented at appellant's trial in Panama City on the instant charges and could not, therefore, be relied on to "establish the entire context out of which the criminal action occurred." Heiney v. State, 447 So.2d 210.
Furthermore, although collateral crime evidence may be introduced to rebut an alibi defense, there was no indication that appellant intended to rely on an alibi. No notice of alibi was filed pursuant to Florida Rule of Criminal Procedure 3.200. Appellant neither testified at trial nor presented evidence of an alibi. While the only defense argued was based upon mistaken identity, there was never any hint (from all that appears in this record) appellant would assert an alibi defense to rebut. Evidence in rebuttal to affirmative defenses is usually presented after the defense closes unless the record reveals some basis during the state's main case that would make the tendered evidence relevant to a disputed issue. The cases cited by the state do not hold otherwise.
Finally, the criminal episodes in this case are not factually analogous to the occurrences in Heiney and Smith so as to permit the admission of this testimony on any other theory. We note that the state presented testimony that a gun was used in the bank robbery, as well as in the commission of the abduction and sexual battery offenses. But it was not established that the same gun was used during the commission of both offenses, and the fact that a gun was used during the commission of both offenses was not unusual or unique and did not render the testimony identifying appellant as the bank robber relevant and admissible "to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." § 90.404(2)(a), Fla. Stat. (1985).
Because the state has failed to show any basis for admission of this testimony under Williams or section 90.404(2)(a), we hold that it was error for the trial court to admit the testimony regarding appellant's participation in the bank robbery. See, e.g., Thompson v. State, 494 So.2d 203 (Fla. 1986); Garrette v. State, 501 So.2d 1376 (Fla. 1st DCA 1987).
Next, we must determine whether this erroneous admission of collateral crime evidence was harmless error. As an appellate court, we are permitted to reverse a judgment only if "after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice." § 59.04, Fla. Stat. (1985); see also § 924.33, Fla. Stat. (1985). The admission of improper collateral crime evidence is ordinarily presumed harmful because of the danger that a jury will take bad character or the propensity to commit the collateral crime as evidence of guilt of the crimes charged. E.g., Wilson v. State, 490 So.2d 1062, 1064 (Fla. 5th DCA 1986). The state offered no argument on harmless error in its brief, and at oral argument counsel insisted it was an obligation of the court to apply the harmless error test without argument or guidance from the state. We *1303 agree that it is the ultimate responsibility of this court to determine whether an error is harmless, but the harmless error rule requires that the state demonstrate beyond a reasonable doubt that the error did not affect the jury verdict. State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986). No doubt the state is free to rely solely on its argument that admission of the evidence was not error; however, better appellate practice suggests that an appellee address the harmless nature of the asserted error as an alternative or backup argument. Especially is that so in a case such as this, where the state has made arguments not supported by the record, has otherwise failed to support the propriety of the ruling in question, and must carry the heavy burden under the test laid down in DiGuilio.
The supreme court held in DiGuilio that application of the harmless error test requires
... not only a close examination of permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict... . The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test... . The focus is on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict.

491 So.2d at 1138-39 (emphasis added). Although an examination of this record reveals clear and convincing, probably conclusive evidence of appellant's guilt, we are unable to conclude that there is no reasonable possibility that the erroneous admission of the bank tellers' testimony did not, under the DiGuilio test, affect the verdict. The three bank tellers unequivocally identified appellant as one of the men involved in the Tallahassee robbery. This collateral crime evidence was not, however, connected in any way to the charges being tried, and tended only to prove appellant's bad character and propensity to commit crimes. The potential for such adverse and prejudicial impact on the trier of fact is further emphasized by the manner in which the assistant state attorney made repeated references to the bank robbery in his closing argument. For example, he argued:
Now, the defense apparently objects to the fact that I called three tellers, three bank tellers. You saw the ladies who testified. They don't like the fact that I called them in court to testify... . Because every one of those women, and two of them were closer than I am to the closest one of you right now, every one of those women definitely, positively, without any doubt or hesitation or any equivocation, each one identified this defendant, this man, as the one who was robbing their bank at 2:00 o'clock in the afternoon that same day, carrying this pistol in his hand... . What this case is about is about a man who kidnapped a woman, a man who had been previously convicted of first degree murder, robbery, and escape, kidnapping a woman with a firearm, taking her out in the woods, raping her, putting her out, taking her car off, coming back after a few minutes, not finding her, getting back in the car, driving to Tallahassee, getting up with his partner and robbing the Security First Bank at gunpoint wearing a disguise, a fake moustache, and dark glasses and that hat.
(T 413, 419) (emphasis supplied).
Appellant was not shown to be wearing the referenced disguise during commission of the kidnapping and other offenses in Panama City. Neither was the prosecutor's reference to a previous conviction "of first degree murder, robbery, and escape" shown to be connected to commission of these offenses. The argument leads to the inescapable conclusion that the prosecutor was asking the jury to find appellant guilty, at least in part, because he was clearly a very bad man intent on committing crimes since he had committed murder, robbery, and escape on other occasions. Based on the record before us, we cannot say that there is no reasonable possibility that the inadmissible evidence did not influence the jury's decision in any respect and, in this sense, did not "affect *1304 the jury verdict and was harmless beyond a reasonable doubt."
As stated above, the evidence of appellant's guilt was overwhelming, if not conclusive. Appellant was identified by the victim and two other eyewitnesses as the person who committed the offenses. That the victim had been sexually battered was confirmed by subsequent objective tests consistent with appellant's participation. Appellant's fingerprints were found in the victim's car. We are confident that the jury verdict would have been the same with or without the improperly admitted collateral crimes evidence. Paraphrasing the language of the harmless error statute, we do not conclude that "after an examination of the entire case it now appears that the error complained of has resulted in a miscarriage of justice." Thus, we would affirm under a literal interpretation of the statutory language. But since we cannot say that the error did not affect the jury's deliberations and influence its verdict, we must reverse appellant's conviction under the DiGuilio test and remand for a new trial.
Because we are convinced that any retrial of this case will result in conviction, no matter how many times it is re-tried, we believe the supreme court should revisit and modify the DiGuilio test in respect to its application to the circumstances shown by this case, and certify the following as a question of great public importance:
DOES THE ERRONEOUS ADMISSION OF EVIDENCE OF COLLATERAL CRIMES REQUIRE REVERSAL OF APPELLANT'S CONVICTION WHERE THE ERROR HAS NOT RESULTED IN A MISCARRIAGE OF JUSTICE BUT THE STATE HAS FAILED TO DEMONSTRATE BEYOND A REASONABLE DOUBT THAT THERE IS NO REASONABLE POSSIBILITY THAT THE ERROR AFFECTED THE JURY VERDICT?
Having reversed the conviction and remanded for a new trial, we do not reach the asserted sentencing errors based on the trial court's departure from the recommended guidelines sentence.
REVERSED and REMANDED.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] Appellant's conviction for the commission of that robbery was affirmed without opinion. Lee v. State, 502 So.2d 424 (Fla. 1st DCA 1987).