627 So.2d 70 (1993)
Willie Abby JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2722.
District Court of Appeal of Florida, Fifth District.
November 19, 1993.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying appellant's motion for mistrial.
Appellant was charged with robbery. Beverly Fowler, the victim, testified at trial that she was robbed by a young, black male while working the night shift at a convenience store. According to Fowler's testimony, the man entered the store and after a few minutes requested change for a dollar. When Fowler opened the cash register, he reached across the counter and punched her in the face. He then took approximately twenty-five dollars from the register and left the store. The robbery was recorded on the convenience store's security camera but the man could not be identified from the recording.
The testimony also showed that a few days after the robbery a detective went to Fowler's home and asked her if she could identify her assailant from a photo lineup. Fowler said she was under the influence of some medication and that she was still too emotional from the robbery to make an identification. A week later she was again asked to view the lineup at which time she identified appellant as the man who had robbed her. She also identified him in court as her assailant. Fowler was the only eyewitness to the crime and no fingerprints were lifted from the scene of where it occurred.
Detective Roy Dunning testified that he was assigned to the case. When asked when and how he first learned of a possible suspect, he replied:
Detective Bauman notified me that an individual had been taken in on another charge and he fit the description that had been issued to all the officers of the suspect of the case.
*71 Defense counsel objected and moved for a mistrial on the ground that the detective's statement was prejudicial because its sole relevance was to prove appellant's bad character or propensity to commit the crime charged. He alternatively requested a curative instruction. The trial court denied his motion for mistrial reasoning:
It's my recollection he did not say this defendant had committed another offense. He said a man had been picked up on another charge.
The court struck Dunning's testimony and instructed the jury to disregard the statement.
Appellant testified he had never seen Fowler before his trial. He further testified that he did not strike her on the night of the robbery and that he did not commit the robbery.
Appellant contends on appeal that the trial court erred by refusing to grant his motion for mistrial. We agree. The detective's testimony that he suspected appellant as Fowler's assailant when another detective notified him that an individual had been taken in on another charge and that he fit the officers' description of the suspect in this case was inadmissible. Evidence of collateral crimes, wrongs or acts committed by a defendant is admissible if relevant to a material fact in issue and is inadmissible where its sole relevance is to prove the character or propensity of the defendant to commit crime. § 90.404(2)(a), Fla. Stat. (1991); Williams v. State, 110 So.2d 654 (Fla.), cert. den., 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The erroneous admission of collateral crimes evidence is presumptively harmful because of the danger that the jury will take the defendant's bad character or propensity to commit crime as evidence of guilt of the crime charged. Castro v. State, 547 So.2d 111 (Fla. 1989); Peek v. State, 488 So.2d 52 (Fla. 1986); Straight v. State, 397 So.2d 903 (Fla. 1981). The rationale underlying the Williams rule is that such evidence
would go so far to convince men of ordinary intelligence that the defendant was probably guilty of the crime charged. But, the criminal law departs from the standard of the ordinary in that it requires proof of a particular crime. Where evidence has no relevancy except as to the character and propensity of the defendant to commit the crime charged, it must be excluded.
Paul v. State, 340 So.2d 1249 (Fla. 3d DCA 1976), cert. den., 348 So.2d 953 (Fla. 1977). See also Castro; Jackson v. State, 451 So.2d 458 (Fla. 1984), cert. den., 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988).
The supreme court has consistently held that the admission of collateral crimes evidence showing the defendant's bad character or propensity to commit crime is reversible error. See Henry v. State, 574 So.2d 73 (Fla. 1991) (evidence of defendant's murder of wife's son from a previous marriage irrelevant and inadmissible to explain or illuminate wife's murder); Czubak v. State, 570 So.2d 925 (Fla. 1990) (evidence that defendant was escaped convict irrelevant to any material fact at issue in murder trial and thus inadmissible); Jackson (testimony of state's witness that defendant had pointed a gun at him and boasted of being a thoroughbred killer from Detroit impermissible and prejudicial). See also Craig v. State, 585 So.2d 278 (Fla. 1991) (although harmless error because of other substantial evidence of guilt, evidence of defendant's use of drugs on night of murder should have been excluded because unrelated to murder); Burr v. State, 576 So.2d 278 (Fla. 1991) (although harmless error in light of other overwhelming evidence of guilt, evidence of collateral act for which defendant received an acquittal irrelevant to crime charged and inadmissible); Haliburton v. State, 561 So.2d 248 (Fla. 1990), cert. den., ___ U.S. ___, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991) (although harmless error because of compelling nature of state's case, witness's testimony that defendant had raped her erroneously admitted because irrelevant to crime for which defendant standing trial); Castro (although harmless error because of totality of evidence, including defendant's own confession, testimony by acquaintance of defendant that defendant tied him up and threatened to stab him several days before killing victim inadmissible for lack of relevance).
In this case the detective's testimony was inadmissible because it lacked relevance *72 to any material fact in issue. Erroneously admitted collateral crimes evidence is not harmless where identification of the defendant as the perpetrator of the crime charged rests upon the testimony of a single eyewitness. See Wilson v. State, 490 So.2d 1062 (Fla. 5th DCA 1986). Because it cannot be said in the present case that the verdict could not have been affected by the error, Ciccarelli v. State, 531 So.2d 129 (Fla. 1988), this case should be reversed and remanded for a new trial consistent with this opinion. The determination of this issue renders it unnecessary to address the remaining issues raised by appellant on appeal.
REVERSED and REMANDED for a new trial.
COBB, J., concurs.
GRIFFIN, J., dissents, without opinion.