662 So.2d 419 (1995)
Lee A. WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-100.
District Court of Appeal of Florida, Third District.
November 8, 1995.
*420 Bennett H. Brummer, Public Defender, and Louis K. Nicholas, II, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before BARKDULL, NESBITT and GERSTEN, JJ.
PER CURIAM.
Appellant, Lee A. Williams, appeals his convictions for burglary and robbery, contending that the trial court erred in admitting Williams rule evidence. We reverse.
In this case, a tourist identified appellant, both pre-trial and during trial, as the man who shattered the passenger's window of his car, grabbed his wife's purse, and escaped on a bicycle. At trial, the State introduced evidence of a collateral crime with which appellant was also charged.
A police officer testified he observed and arrested appellant in the same general location a few hours after the tourist reported the instant crime. Appellant was clutching a purse as he ran from another tourists' car which had a smashed window. The officer also testified that "smash-and-grab" robberies of this nature were common in this location.
Appellant asserts that the trial court erred in admitting the collateral crime evidence because the two incidents were not sufficiently similar. The State contends that the trial court properly admitted the collateral crime evidence to prove appellant's identity and explain how he was apprehended. Even if the evidence was improperly admitted, the State argues, the error was harmless.
The Williams rule violation is plain. Relevant evidence of similar crimes may not be admitted merely to prove bad character or propensity to commit crime. § 90.404(2)(a), Fla. Stat. (1993); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). To prevent this, Williams rule analysis must be strictly, not loosely, applied. See Drake v. State, 400 So.2d 1217 (Fla. 1981); Eans v. State, 366 So.2d 540 (Fla. 3d DCA 1979). Proper Williams rule evidence is that which possesses "obvious and telling similarities" to the crime charged. Peek v. State, 488 So.2d 52 (Fla. 1986); Eans, 366 So.2d at 542. Especially when proferred to prove identity, Williams rule evidence must indicate circumstances so unique as to point only to the defendant. Peek, 488 So.2d at 55; Drake, 400 So.2d at 1219.
Here, the collateral crime evidence fails this strict test. While the time, date, location, and offense were somewhat similar, the police offer's testimony indicated "smash-and-grab" robberies were "common." The fact both victims were tourists is not compelling because the record fails to show appellant knew he was stealing from tourists at the time. At most, this similarity is nothing more than coincidence.
Further, at least one dissimilarity is clear. In the crime charged, appellant fled on a bicycle, whereas he was seen running from the second crime scene. Because the facts of each crime are not sufficiently similar and certainly do not rise to the level of uniqueness required, see Drake, 400 So.2d at 1219, the collateral crime is not proper Williams rule evidence.
Finally, the improper Williams rule evidence does not constitute harmless error, as the State contends. Improperly admitting Williams rule evidence is presumed harmful error. Wilson v. State, 490 So.2d 1062 (Fla. 5th DCA 1986). The burden remains with the State to prove the error was harmless and clearly did not affect the jury's verdict. Lewis v. State, 654 So.2d 617 (Fla. 4th DCA 1995). Bricker v. State, 462 So.2d 556 (Fla. 3d DCA 1985); Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980). Because appellant's identification rests solely on the victim's testimony, the improper admission must be considered harmful and appellant is entitled to a new trial. See Lee v. State, 508 So.2d 1300 (Fla. 1st DCA 1987), aff'd, 531 So.2d 133 (Fla. 1988); Garrette v. State, 501 So.2d 1376 (Fla. 1st DCA 1987); Wilson v. State, 490 So.2d 1062 (Fla. 5th DCA 1986); cf. McKinney v. State, 462 So.2d 46 (Fla. 1st DCA 1984) (where error was *421 found harmless because the defendant's identification relied on two eyewitnesses' testimony).
Reversed.