827 So.2d 311 (2002)
Jody KULLING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4575.
District Court of Appeal of Florida, Second District.
September 6, 2002.
Rehearing Denied October 7, 2002.
*312 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Jody Kulling seeks review of his judgment and sentence for lewd or lascivious exhibition in the presence of a child under sixteen. Kulling argues that the trial court erred in allowing the State to introduce evidence of similar crimes committed by Kulling. Because the trial court abused its discretion in finding that the similar crime evidence was proper Williams[1] rule evidence, we reverse.
On December 21, 2000, the State charged Kulling with one count of lewd or lascivious exhibition for masturbating in the presence of a child under sixteen in violation of section 800.04(7)(b), Florida Statutes (2000). The ten-year-old child victim testified at trial that she was staying after school at her grandparents' house in December 2000. While she was outside riding her bicycle, she noticed a man washing a car in front of a nearby house. Shortly thereafter, she noticed the same man standing in front of the house wearing no pants. From the child's description, the man was staring at her and masturbating. After a few moments, the man turned and went around the house. The child ran to her grandmother's house and described the incident to the grandmother, who called the police.
The child identified Kulling in the courtroom and testified that she also identified him from a photo pak shortly after the incident. She drew a picture for the police officer of the man's penis, and the picture was admitted in evidence.
The grandmother testified that she was babysitting the child after school on December 4, 2000. She had been working in the yard earlier and noticed that Kulling was washing his car in his driveway. Later, her granddaughter came into the house and excitedly told her that a man was "butt naked out there." The grandmother took her video camera and filmed Kulling *313 after he exited his house. At that time he was wearing pants and a shirt.
A detective took Kulling's statement, and the State played the tape of his statement for the jury. In the statement, Kulling admitted that he was waxing a car outside his home on the date in question, but denied that he masturbated while outside. He said that he might have grabbed his penis if he had an itch but did not otherwise touch it.
Prior to trial, the State had filed a Williams rule notice stating its intention to introduce factual evidence that Kulling had previously exposed his penis and masturbated in the presence of two females. At the Williams rule hearing, Michelle Montgomery testified that in April 2000 she was lying out in the sun in her back-yard. She looked over and saw Kulling, whom she recognized as her neighbor, standing to the side of another neighbor's porch. Kulling, who was wearing only a tank top, was masturbating and staring at Montgomery. When she cursed at Kulling, he jumped the privacy fence to his yard, which was catty-corner to her back-yard. Montgomery called 911 and identified Kulling from a photo.
Another neighbor, Misty Edwards, testified that in February 2000 she was in her backyard getting some items out of her shed for a rummage sale. Something caught the corner of her eye, and she saw a man wearing nothing but a pair of shoes and socks. He was masturbating and staring at her. When Edwards turned around and yelled to her father, the man ran through the neighbor's yard and back to Kulling's house. When the police brought Kulling back to the scene, Edwards identified him.
The court ruled that the testimony of the two adult women was admissible. The testimony of both women was proffered during trial, and both women testified substantially the same as they did during the Williams rule hearing. They also gave the same testimony for the jury.
For the defense, Jeff Kulling, Jody Kulling's brother, testified that from 3:00 p.m. to 4:30 p.m. on the date in question, he and his brother were detailing his brother's car at his brother's home. Jody Kulling also testified that he and his brother detailed his car in front of Jody's home on the day in question. He assumed that the child had mistaken him for being naked when he came out of his home wearing white pants and no shirt.
The jury found Jody Kulling guilty as charged, and the trial court sentenced him to seven and one-half years in prison followed by seven and one-half years of probation. Kulling appealed, and the issue before this court is whether the trial court abused its discretion in allowing the State to introduce evidence of similar crimes committed against Montgomery and Edwards as Williams rule evidence.
Preliminarily, the State argues that Kulling failed to preserve this issue for review by failing to object contemporaneously with the admission of each witness' testimony. However, because Kulling renewed his objections to the testimony minutes before it was admitted, the issue is preserved for review. See Fincke v. Peebles, 476 So.2d 1319, 1322 (Fla. 4th DCA 1985); Holmes v. Mernah, 427 So.2d 378, 379 (Fla. 4th DCA 1983).
The trial court's decision to admit Williams rule evidence is reviewed for an abuse of discretion. Chandler v. State, 702 So.2d 186, 195 (Fla.1997). In Williams v. State, 110 So.2d 654, 659-60 (Fla.1959), the Florida Supreme Court enunciated the rule regarding the admission of similar crime evidence: "Our view of the proper rule simply is that relevant evidence will not be excluded merely because *314 it relates to similar facts which point to the commission of a separate crime. The test of admissibility is relevancy. The test of inadmissibility is a lack of relevancy." (Emphasis in original.)
Williams has been codified in section 90.404(2)(a), Florida Statutes (2000), which provides that a party may introduce similar crime evidence when it is relevant to prove a material fact in issue like identity, preparation, motive, intent, opportunity, plan, absence of mistake or accident, or knowledge. However, similar crime evidence is inadmissible "when the evidence is relevant solely to prove bad character or propensity." Id. In order to be admissible, the evidence must meet a strict standard of relevance. Drake v. State, 400 So.2d 1217, 1219 (Fla.1981). The similar crime evidence and the charged offense must be strikingly similar, and "[t]here must be identifiable points of similarity which pervade the compared factual situations.... [T]he points of similarity must have some special character or be so unusual as to point to the defendant." Id. The characteristics of the crimes must be so unique as to constitute "fingerprint" evidence. State v. Savino, 567 So.2d 892, 894 (Fla.1990).
In this case, the State argues that the similar crime evidence is admissible to bolster the victim's credibility under Heuring v. State, 513 So.2d 122, 124 (Fla.1987). While Heuring does apply a more relaxed standard than that traditionally applied to similar crime evidence, Heuring is limited to cases involving sexual abuse by a person in familial authority. Heuring, 513 So.2d at 124-25; Morman v. State, 811 So.2d 714, 717 (Fla. 2d DCA 2002). Because this case does not involve a familial relationship, the strict standard of relevance applies, not the relaxed standard of Heuring.
Applying the traditional test of admissibility to the evidence, it must be determined whether the similar crime evidence was offered for a valid purpose. Since the victim identified Kulling, identity is not an issue in this case, and the evidence must be relevant to a material fact in issue, such as preparation, motive, intent, opportunity, plan, absence of mistake or accident, or knowledge. Heuring, 513 So.2d at 124. Here, Kulling's defense was based on his assertion that the victim mistook his white pants for nakedness. Thus, the evidence would be relevant to show absence of mistake if it was strikingly similar to the charged offense and if the two were so unique as to constitute "fingerprint" evidence.
The State argues that Kulling's acts share unique characteristics in that Kulling "makes eye contact with female victims, gets sexually aroused and pleasures himself in front of them. The women are nearby neighbors who can identify him." While there are similarities between the cases, the acts described by the State contain no characteristics that are so unusual as to point to Kulling or constitute "fingerprint" evidence. In fact, the State describes actions typical of any perpetrator who masturbates in public. Similar crime evidence is not admissible simply because it involves the same type of offense. Peek v. State, 488 So.2d 52, 55 (Fla.1986); see also Rodriguez v. State, 675 So.2d 189, 191 (Fla. 3d DCA 1996) (holding that similar crime evidence was not admissible Williams rule evidence because "the two crimes involved facts not unusual to most robberies"); Williams v. State, 662 So.2d 419, 420 (Fla. 3d DCA 1995) (holding that similar crime evidence of a "smash-and-grab" robbery would not be admissible in a "smash-and-grab" robbery case because those types of robberies were not unusual).
Furthermore, absent some striking characteristics of the crimes, the fact that *315 they were committed in the same locale is of no moment. In Wilson v. State, 490 So.2d 1062, 1064 (Fla. 5th DCA 1986), the Fifth District considered the admissibility of similar crime evidence of a drug buy from an undercover police officer in the same apartment complex. In the collateral crime, the undercover officer had purchased a quarter piece of cocaine in a foil packet from the defendant. Id. In the charged crime, the defendant had sold an undercover officer two foils of cocaine three months later in a different apartment in the same complex. The court held that the similar crime evidence was inadmissible because "[n]o unusual circumstances or conditions were alleged or shown for either drug buy." Id.
Because the collateral crimes did not meet the strict standard of relevancy in this case, the trial court abused its discretion in allowing the State to introduce the similar crime evidence. It cannot be said that the admission of this evidence was harmless error because identification of Kulling as the perpetrator rested on the testimony of a single witness. Jackson v. State, 627 So.2d 70, 72 (Fla. 5th DCA 1993); Garrette v. State, 501 So.2d 1376, 1377-78 (Fla. 1st DCA 1987).
Accordingly, we reverse the trial court's order allowing the introduction of the similar crime evidence and remand for a new trial.
Reversed and remanded.
FULMER and NORTHCUTT, JJ., Concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).