JACOBUS, J.
The appellant, Joseph Wilbur, appeals the judgment and sentence entered after a jury found him guilty of the sale of cocaine. Wilbur contends that the court erred by allowing the State to present Williams Rule[1] evidence concerning two other offenses at trial. We agree that it was improper to admit into evidence Wilbur’s prior drug offenses and reverse and remand for a new trial.
This court has previously discussed the admission of similar fact evidence at trial. We explained:
Similar fact evidence is admissible if relevant to a fact in issue, even though it also points to the commission of a separate crime. Such evidence is inadmissible, however, if its sole relevancy is to establish bad character on the part of the accused. Coler v. State, 418 So.2d 238 (Fla.1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983). A mere general similarity will not render the similar facts legally relevant to show identity. There must be identifiable points of similarity which pervade the compared factual situations. In order for the similar facts to be relevant, the points of similarity must have some special character or be so unusual as to point to the defendant. Peek v. State, 488 So.2d 52 (Fla.1986); Drake v. State, 400 So.2d 1217, 1219 (Fla.1981). The admission of improper collateral crime evidence is “presumed harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged.” Peek, 488 So.2d at 55, quoting Straight v. State, 397 So.2d 903, 908 (Fla.1981).
Wilson v. State, 490 So.2d 1062, 1064 (Fla. 5th DCA 1986).
There was nothing unique or of special character in the crime allegedly committed by Wilbur. It was nothing more than a simple sale of cocaine to a confidential informant. The fact that he made two earlier sales to the same confidential informant was not relevant to the case charged and was only admitted to show Wilbur’s propensity to sell cocaine. Therefore, the admission of this evidence for identity was error. See id.
Moreover, we conclude that the court’s error in admitting the Williams Rule evidence was not harmless. See Bricker v. State, 462 So.2d 556, 559 (Fla. 3d DCA 1985) (admitting Williams’ Rule evidence not harmless error where proof of guilt against appellant was not clear and convincing). Accordingly, this case is reversed and remanded for a new trial.
REVERSED and REMANDED for new trial.
MONACO and TORPY, Jj„ concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).