347 So.2d 1096 (1977)
Rita K. DIBBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 76-787.
District Court of Appeal of Florida, Second District.
July 15, 1977.
Joseph F. McDermott, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., and Davis G. Anderson, Jr. and Mary Jo Gallay, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was tried on a charge of robbery and was found guilty of grand larceny. Judgment and sentence were entered on the jury verdict, which judgment and sentence is appealed.
The salient facts involved are that one Detective Herold was posing as a drunk derelict who had passed out on the bottom steps of the stairway leading up to the appellant's residence. Detective Herold had $102 in his wallet which had been previously sprayed with a chemical known as "Search-Clue." This detection powder is visible as green in color when shown under a black light.
Detective Herold testified that he heard a door open at the top of the stairs and saw a male and appellant coming down the stairs toward him. The male jostled him and, in effect, informed him that he was on private property and told him to leave. He continued to act like he was passed out. The two subjects went back upstairs and he heard a door close. Within a few minutes he heard the door open again and the male and appellant came back down the stairs. The *1097 detective had his hand lying over his hip pocket which contained the wallet. The male moved the detective's hand away from the pocket, struggled with him and took the detective's left hand, shoved it down on the step and leaned on it as he pulled the wallet out of his pocket. The detective tried to push the male's hand away to get back and protect his wallet, but the male was of considerable size and weight and was able to take the wallet out of his pocket.
The male and appellant ascended the stairs to the top of the landing. There were stairs leading down on the other side of the landing. When the male and appellant descended on the other side out of sight, the detective notified the standby officers, by way of a communication system on his person, that they had taken his wallet. The male and appellant were arrested at the bottom of the stairs in the rear of the building by the other officers.
The appellant was advised of her Miranda rights and upon examination the "Search-Clue" appeared on one of her hands as green in color.
At the trial Detective Herold testified that after advising appellant of her Miranda rights she stated that she hadn't done anything and he told her that even though she hadn't taken the wallet that did not mean she was not involved. He testified, "I told her that this happens all the time on the street, people getting robbed, but this time I was a police officer, and `You just all hit the wrong guy this time.'" At this point appellant's counsel objected and moved for a mistrial based on the ground that the officer's statement "You just all hit the wrong guy this time" inferred that the appellant had been involved in prior similar crimes. The trial court denied the motion for a mistrial and did not strike the statement nor explain to the jury to disregard such statement.
In Williams v. State, 110 So.2d 654 (Fla. 1959), it was held that similar fact evidence of a prior crime is admissible if relevant, except to prove bad character or criminal propensities. However, prior to evidence of an independent crime being admissible, it is essential to show that the former crime was committed and committed by the person on trial. Norris v. State, 158 So.2d 803 (Fla. 1st DCA 1963) and State v. Norris, 168 So.2d 541 (Fla. 1964).
The only reasonable inference from the detective's statement "You just all hit the wrong guy this time" is that the appellant had in some way been involved in similar criminal activities in the past. There was no proof that a former crime had been committed or if a prior crime had been committed, that the appellant committed it. The statement by Detective Herold in front of the jury was highly prejudicial and a mistrial should have been granted.
The judgment and sentence is hereby reversed and the cause remanded.
BOARDMAN, C.J., HOBSON, J., and DANAHY, PAUL W., JR., Associate Judge, concur.