465 So.2d 573 (1985)
Louie B. SARVIS, Appellant,
v.
STATE of Florida, Appellee.
No. AV-337.
District Court of Appeal of Florida, First District.
March 13, 1985.
*574 Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant seeks review of his judgment and sentence entered October 7, 1983, on charges of sale or delivery of cannabis and *575 bail bond jumping in violation of sections 893.13(1)(a)2 and 843.15, Florida Statutes (1983). He alleges three points for reversal:
1. The trial court erred in proceeding with the trial while appellant was in absentia.
2. The trial court improperly admitted evidence of a collateral crime.
3. The trial court erred in departing from the sentencing guidelines without clear and convincing reasons.
We affirm on points 1 and 2 and reverse on point 3.
On March 17, 1983, appellant was charged with the sale or delivery of cannabis, and trial was held May 26, 1983. At the outset of the trial, appellant moved for change of counsel on the ground that he was not sufficiently represented. The trial court denied the motion.
The evidence presented by the state showed that two undercover police officers drove up to the front of a cafe, rolled down their window, and were approached by appellant. They inquired if appellant was holding marijuana. After leaving the car momentarily, appellant returned with a manila envelope containing marijuana and sold it to the officers. Over appellant's objection, the state was allowed to introduce evidence that during surveillance of appellant after the buy the officers noticed appellant, with a manila envelope in his hand, approach another vehicle in the same manner he had approached their vehicle.
After the state rested, appellant's counsel indicated he had no witnesses to present at that time but that he needed to talk to potential witnesses that night. Court was adjourned until the following day. When court reconvened, defendant was not present and could not be located. The trial court permitted a continuance until that afternoon, but upon reconvening defendant was still not present. The trial court found that defendant had voluntarily absented himself from court and had waived his right to be present during the remainder of the trial. When the court announced its intention to proceed, defense counsel objected because there was no evidence to explain defendant's absence. The objection was overruled. Defense counsel introduced no witnesses on behalf of appellant, and the jury found him guilty of the sale of cannabis.
A capias was issued for appellant's arrest, and an information was filed against him for bail bond jumping. Approximately four months later, he was arrested in California. He was returned to Florida and pled guilty to bail bond jumping. He elected to be sentenced under the sentencing guidelines for the cannabis and bail bond jumping offenses, and the guidelines sentence was calculated as twelve to thirty months incarceration. The court adjudicated defendant guilty and, departing from the guidelines, sentenced him to consecutive terms of five years for the sale of cannabis and thirty months for bail bond jumping.
We reject appellant's argument that the court erred in proceeding with his trial while he was not before the court. The Fifth Circuit's opinion in U.S. v. Benavides, 596 F.2d 137 (5th Cir.1979), relied on by appellant, is factually distinguishable. In Benavides, the defendant was absent for his entire trial, whereas in this case appellant was present during the first day of his trial, when the state presented all of its evidence. Accordingly, appellant was present to confront all witnesses against him. As indicated by the Florida Supreme Court in State v. Melendez, 244 So.2d 137 (Fla. 1971), "where a defendant absents himself during his trial, with knowledge that his trial is underway, his absence shall not be permitted to interrupt the proceedings." Id. at 139.
As to appellant's second argument, we agree that the testimony regarding appellant's actions after he sold the marijuana to the officers was erroneously admitted. The testimony failed to establish commission of a collateral crime; rather, it merely impugned appellant's character and intimated criminal conduct without proof *576 that a crime had been committed. Dibble v. State, 347 So.2d 1096 (Fla. 2d DCA 1977). In light of the overwhelming evidence of defendant's guilt, however, we find such error harmless.
Appellant's final argument is that the trial court failed to support its deviation from the sentencing guidelines by clear and convincing reasons, as required by rule 3.701 d.11, Florida Rules of Criminal Procedure. We agree.
Appellant's guidelines sentence for sale of cannabis and bail bond jumping was twelve to thirty months. See rule 3.701 d.12, Florida Rules of Criminal Procedure. The trial court sentenced appellant to a total of ninety months  three times the maximum guidelines sentence  setting forth the following reasons for such deviation:
The defendant absconded in the middle of his jury trial, fleeing from the state of Florida. He was apprehended in California some months later. He is contemptuous of the court system and defiant to all authority. He shows no remorse and laughs about his actions. The chances of his being rehabilitated in thirty months are nonexistent.
We hold that none of the reasons cited by the court are sufficiently "clear and convincing" to justify departure from the guidelines.
The first reason stated by the court was that appellant absconded in the middle of his trial and was apprehended in California several months later. This is an improper reason for departure because appellant's actions formed the basis for his conviction of bail bond jumping and had already been factored into his presumptive guidelines sentence as an "additional offense at conviction." It is improper for the court to deviate from the sentencing guidelines in reliance upon facts which have already been included within the determination of the guidelines sentence. Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985).
The second reason for departure stated by the trial judge is that defendant was "contemptuous of the court system and defiant to all authority." The only record evidence which could possibly support this conclusion is the fact that the defendant jumped bail. As discussed previously, the bail bond jumping offense has already been factored into the guidelines sentence; accordingly, it cannot form the basis for departure from the guidelines.
The trial judge's third reason for departure, that appellant "shows no remorse and laughs about his actions," is neither "clear and convincing" or supported by the record. The record clearly reflects that appellant, at his sentencing hearing, admitted jumping bail and apologized to the court for such action, but nevertheless maintained his innocence of sale or delivery of cannabis. A defendant is entitled to maintain his innocence even after a jury verdict of guilty. Appellant should not be punished simply because he did not admit to sale or delivery of cannabis. Hubler v. State, 458 So.2d 350 (Fla. 1st DCA 1984).
The trial judge's final reason for deviation from the guidelines is that appellant's chances of being rehabilitated in thirty months are "nonexistent." This conclusory statement "wholly fail[s] to relate to anything within the context of the case." Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984). The court makes no attempt to explain why the defendant could not be rehabilitated in thirty months. This reason for departure merely suggests the court's disagreement with the guidelines sentence and is not "clear and convincing."
The sentence is VACATED and the case is REMANDED for resentencing.
SHIVERS, J., concurs.
THOMPSON, J., concurs in part and dissents in part.
THOMPSON, Judge, concurring in part and dissenting in part.
I concur with the majority that the trial court did not commit error in trying the defendant in absentia and did not improperly *577 admit evidence of a collateral crime, and I would affirm on these issues. I would also affirm the trial court's departure from the sentencing guidelines. Although the trial court's consideration of the fact that appellant absconded in the middle of a trial and was apprehended in California several months later was improper because these actions constituted the basis of his conviction of bail bond jumping, there were other clear and convincing reasons for the trial court's deviation from the guidelines. The trial judge found that the defendant was "contemptuous of the court system and defiant to all authority." The majority found that the only record evidence which could possibly support this conclusion is the fact that the defendant jumped bail. This completely ignores the fact that the trial judge had the defendant before him in person, and had an opportunity to observe his attitude toward the court and the court system. From this firsthand observation of the defendant, his words and his actions, the trial judge was in the best position to make an evaluation of the defendant's attitude. Based on his personal observation and evaluation of the defendant, the trial judge determined that the defendant showed no remorse and even laughed about his actions. The trial judge's opportunity to personally observe the defendant's actions and attitude, and to evaluate the credibility of any statements made, constitutes a sufficient basis for his conclusion that the defendant's chances of being rehabilitated in 30 months were "nonexistent." The written reasons given by the trial judge for the deviation were clear and convincing. I would affirm the judgment and sentence.