477 So.2d 1034 (1985)
Patricia J. VACZEK, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1563.
District Court of Appeal of Florida, Fifth District.
October 3, 1985.
Rehearing Denied November 1, 1985.
Roger B. Butcher, of Benitez & Butcher, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Vaczek appeals from her attempted first degree murder conviction. We reject her contention that the evidence regarding premeditation was insufficient to present a jury question, but we agree that the prosecutor's improper questioning requires reversal for a new trial.
The charge arose out of an altercation between Vaczek and her friend, a co-worker. Both were registered nurses. Vaczek lost her temper and stabbed the friend with a knife. Apparently the friend was pregnant at the time of the stabbing, and as a result of the attack, she lost her baby.
Defense counsel filed a motion in limine seeking, inter alia, to prevent the prosecutor from revealing to the jury that the victim of Vaczek's attack was pregnant at the time of the incident and now is childless. At the motion hearing, the prosecutor represented he was not going to introduce such testimony and the trial court granted that portion of the defendant's motion in limine pertaining to the victim's pregnancy.
At trial, the prosecutor initially asked the victim many general questions about herself, including whether she had any children. She replied that she had none. Later in his questioning the prosecutor asked the victim whether she was pregnant at the time of the incident and she responded that she was. Defense counsel objected and requested a mistrial. The trial court sustained the objection but refused to grant a mistrial and instead gave this curative instruction, "The jury should disregard the question and the answer. It is simply not an issue in this case."
*1035 The prosecutor's questioning was clearly erroneous, and all the more reprehensible in light of the trial court's previous order of exclusion. The loss of the victim's unborn child was such an inflammatory fact that we cannot deem the error harmless nor cured by the judge's instruction under the rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[1] Absent the improper questioning and resultant testimony, it is not clear beyond a reasonable doubt that the jury would have returned a verdict of guilty on attempted first degree murder rather than some lesser crime because the evidence was not overwhelming on that point.
We therefore reverse the defendant's conviction and remand for a new trial. On retrial, the trial court should instruct the jury on all necessarily included lesser offenses unless the defendant expressly waives the instruction.[2]
REVERSED AND REMANDED FOR NEW TRIAL.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] State v. DiGuilio, 10 F.L.W. 430 (Fla. Aug. 29, 1985); State v. Murray, 443 So.2d 955 (Fla. 1984).
[2] In Harris v. State, 438 So.2d 787 (Fla. 1983), 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), a capital case, the court determined the defendant had a constitutional right to jury instructions on necessarily lesser included offenses unless there is "an express waiver of the right to these instructions by the defendant, and the record must reflect that it was knowingly and intelligently made." Id. at 797. In Jones v. State, 459 So.2d 475 (Fla. 5th DCA 1984), this court affirmed the defendant's conviction but certified the following question to the supreme court:

Harris v. State, 438 So.2d 787 (Fla. 1983), recognizes a constitutional right of a accused in a capital case to have the jury instructed as to necessarily lesser included offenses and that the violation of that right constitutes fundamental error, a waiver of which, to be effective, must be made on the record knowingly and intelligently by the accused personally rather than by counsel. Do those charged with non-capital crimes enjoy this constitutional right as well as those charged with capital crimes?
459 So.2d at 476. This question has not yet been answered, although in January 1985, the Florida Supreme Court granted the petition for review of this case, and oral argument is scheduled for October 8, 1985.