RYDER, Judge.
Appellant was charged with sexual battery with a deadly weapon upon the fourteen-year-old baby-sitter of his three stepchildren. He was charged under section 794.011, Florida Statutes (1985). The act was said to have occurred in appellant’s home when his wife was absent and the stepchildren were sleeping.
The first trial resulted in a mistrial after the victim stated during direct examination that she said to appellant during the alleged offense that, “You probably did this to [appellant's five-year-old stepdaughter], too.” The case was brought to trial again, and the victim made the same remark during direct examination in the jury’s presence. Defense counsel moved for a mistrial again, but this time the trial court reserved ruling on the motion.
Appellant was found guilty as charged, and defense counsel renewed his argument as to the victim’s statement in a motion for new trial. The trial court consolidated the previous motion for mistrial and the motion for new trial and denied them both. This appeal followed.
We reverse appellant’s conviction and sentence and remand for a new trial. Our reversal is based upon the statement made by the victim in the jury’s presence.
Appellant argues that the victim’s statement is evidence of another crime and was only relevant to prove bad character or criminal propensity of the accused. He argues admission of this type of evidence is proscribed by the case of Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) and its progeny. The “Williams rule” is codified in our evidence code at section 90.404(2)(a), Florida Statutes (1985). See Peek v. State, 488 So.2d 52, 54, n. 2 (Fla.1986). While this is a correct statement of the law as to similar crime evidence, we do not agree with appellant’s characterization that the statement is “evidence.” The statement was not “evidence” of a past criminal activity, but only a bare allegation of past criminal activity. This statement was the same type of statement that warranted a mistrial in Dibble v. State, 347 So.2d 1096 (Fla. 2d DCA 1977). “The only reasonable inference ... is that the appellant had in some way been involved in similar criminal activities in the past. There was no proof that a former *55 crime had been committed or if a prior crime had been committed, that the appellant committed it.” Id. at 1097.
Errors of this type are not always reversible. The error must be subjected to a harmless error analysis. Some previous cases have held that the evidence of guilt is so overwhelming that the error should be considered harmless: the appellate court determines that the defendant would have been convicted even if the error had not occurred. See, e.g., Roman v. State, 475 So.2d 1228, 1234 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986); Hickox v. State, 492 So.2d 744, 745 (Fla. 1st DCA 1986); Nicholson v. State, 486 So.2d 688 (Fla. 3d DCA), review denied, 500 So.2d 545 (Fla.1986).
The Supreme Court of Florida has recently explained the harmless error test. The new standard whereby we determine whether an error is considered harmless is whether, after a close examination of permissible evidence and an even closer examination of the impermissible evidence, there is a reasonable possibility in the reviewing court’s mind that the error affected the verdict. State v. DiGuilio, 491 So.2d 1129, 1135, 1139 (Fla.1986). The direct evidence in this case was minimal. No physical evidence was produced in support of the sexual battery charge. (Presumably because the acts alleged were, from a physical standpoint, one of the least intrusive types of sexual battery.) There were no eyewitnesses to the alleged incident other than the alleged victim. The jury’s verdict basically distilled down to whether they believed the baby-sitter’s version of the events that transpired, or appellant’s version. Given the quantity and quality of the evidence before the jury, we cannot say beyond a reasonable doubt that the statement did not affect the verdict. We find the error harmful and reverse and remand for a new trial.
In closing, we briefly address appellant’s second point on appeal. He argues that he proved at the sentencing hearing that his six prior misdemeanor convictions were un-counseled and therefore should not have been entered on his sentencing guidelines scoresheet. Because we are reversing appellant’s conviction, we do not reach this issue. However, should appellant’s new trial result in a conviction, the parties and the court are advised that the proper procedure in resolving alleged uncounseled misdemeanor conviction allegations is set forth in this court’s recent opinion of Croft v. State, 513 So.2d 759, 761 (Fla. 2d DCA 1987).
Reversed and remanded for a new trial.
DANAHY, C.J., and HALL, J., concur.