538 So.2d 1296 (1989)
Kenneth STALLWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 87-189.
District Court of Appeal of Florida, First District.
February 10, 1989.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and A.E. Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Kenneth Stallworth, appeals his convictions for grand theft in violation of section 812.014(2)(b)(1), and dealing in stolen property in violation of section 812.019. We reverse the grand theft conviction and affirm the dealing in stolen property conviction.
By separate informations, appellant was *1297 charged with burglary of a dwelling,[1] grand theft of two television sets occurring on March 7, 1986, and with unlawfully trafficking a stolen television set on March 11, 1986. All offenses were tried together.
Officer Carroll testified that she purchased the television set from appellant on March 11, 1986. She and two other Escambia County deputy sheriffs were involved in a "sting operation" at the T & W Flea Market, working out of a pickup truck equipped with a camper. Appellant approached Carroll on three separate occasions on March 11, 1986, looking for one Kersh (one of the other undercover officers involved in the operation) for the purpose of selling him a television set. After his third unsuccessful attempt to locate Kersh, appellant, who was then accompanied by co-defendant Hill, agreed to sell the set to Carroll. Appellant told Carroll that he had had the television set in his possession for approximately three weeks; however, when questioned by Carroll concerning whether she could then put it out for sale at the market, appellant responded that he did not think she should do so; that she should probably take it back to Alabama with her.
During its case-in-chief, the state attempted to introduce testimony through Officer Kersh relating to a transaction occurring several days prior to the sale of the television set, during which Kersh had purchased ceiling fans from appellant and co-defendant Hill at the same flea market. At that time appellant informed Kersh that he had had the fans for about one week; that the heat should be off, but that Kersh might wish to leave the fans inside for a few days before he placed them out for sale. The defense objected to the admission of this testimony on Williams Rule[2] grounds, arguing that the evidence was inadmissible, because appellant had not been charged in connection with the ceiling fan incident until after his arrest for the offenses stemming from the sale of the television set, and that there was no proof that the ceiling fans had actually been stolen. The trial judge had some doubts as to the admission of the similar fact evidence and ruled in appellant's favor at that time.
During the defense's presentation of evidence, appellant denied ever having told the officer that the set was "hot," stating that he had no knowledge that the television set was stolen; therefore he had no intent to deal in stolen property. At no point during his testimony did appellant mention the transaction involving the ceiling fans. After the defense had rested, the trial court withdrew its earlier ruling denying admission of the similar fact evidence and allowed the state to present Kersh's testimony during rebuttal. In surrebuttal, appellant and co-defendant Hill both testified that the ceiling fans were not stolen.
Appellant's first issue on appeal challenges the trial court's ruling allowing similar fact evidence to be admitted during the state's rebuttal. Appellant contends that the evidence did not meet the test for collateral crime evidence, because it was not sufficiently similar to the crime being tried, and because the state never established that the fans were in fact stolen. Additionally, appellant argues that the presentation of the evidence during rebuttal was improper, in that the evidence did not rebut any issue presented during the defendant's case-in-chief. We cannot agree with appellant's position. We find that the evidence relating to the ceiling fans was properly admissible as evidence of a collateral crime.
Section 90.404(2)(a), Florida Statutes (1985), governs the admissibility of similar fact evidence. It provides:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, *1298 preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
We find no error regarding the trial court's admission of the evidence relating to the sale of the ceiling fans during rebuttal in the case at bar. As the state points out, the evidence could have been properly admitted in order to establish appellant's method of operation and to impeach his credibility. See Tuff v. State, 408 So.2d 724 (Fla. 1st DCA), review denied, 413 So.2d 877 (1982) (state was allowed to present testimony regarding armed robberies occurring before the robbery for which defendant was charged in rebuttal for the purpose of impeaching defendant's credibility, rebutting certain portions of his testimony and showing his method of operation). Moreover, the evidence could be admitted to show intent, knowledge, plan or scheme, or to meet the defense of lack of knowledge or intent offered by appellant. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
Regarding appellant's challenge on the issue of lack of similarity, we also conclude that sufficient similarity exists to justify the admission of the evidence regarding the ceiling fan transaction. That transaction, like the sale of the television set, took place at the same flea market. Appellant had earlier sold the ceiling fans to Kersh and later attempted to sell the television set to Kersh, and only sold it to Carroll after three unsuccessful attempts to locate Kersh. Appellant was involved with co-defendant Hill during both incidents and he made statements during both transactions inferring that the items were "hot," and cautioning the buyers about setting the items out for sale at the flea market at that time.
Finally, we cannot agree with appellant that, because the crime charged in connection with the ceiling fans was not proven, the similar fact evidence was inadmissible for lack of proof that appellant had in fact committed a crime. We cannot perceive of any problem in establishing appellant's connection with the collateral act, because that transaction, like the sale of the television set, was videotaped. Cf. Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985) (although defendant was clearly connected with the commission of the collateral act, the similar fact evidence was introduced only to prove bad character or propensity); Dibble v. State, 347 So.2d 1096 (Fla. 2d DCA 1977) (admission of detective's statement, "You just all hit the wrong guy this time" was error, because there was no proof that a former crime had been committed or that appellant committed it).
Furthermore, the fact that appellant was not charged in connection with the sale of the ceiling fans until after he had been charged with the offense arising from the sale of the television set does not make such other evidence inadmissible. The statute clearly provides that "[s]imilar fact evidence of other crimes, wrongs, or acts is admissible" (emphasis added), and it does not attempt to limit admission of such evidence to only those collateral crimes charged prior to the offense for which an accused is being tried. § 90.404(2)(a), Fla. Stat. (1985). Nor is it necessary that criminal charges of collateral acts actually be filed. See C. Ehrhardt, Florida Evidence § 404.9, at 120-121 (2d ed. 1984). In fact, similar fact evidence is admissible even when the charges concerning the collateral act are nolle prossed. See Holland v. State, 466 So.2d 207 (Fla. 1985). Based upon the foregoing, we find no error resulting from the trial court's ruling allowing the admission of the challenged similar fact evidence.
Appellant's second issue assails the validity of his convictions for both grand theft and dealing in stolen property. We agree that appellant could not be legally convicted of both crimes. Section 812.025, Florida Statutes (1985), provides:

*1299 Charging theft and dealing in stolen property.  Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
The above language of section 812.025 clearly forbids convictions for both dealing in stolen property and grand theft of the same property in regard to the same scheme or course of conduct. See also Daniels v. State, 422 So.2d 1024 (Fla. 1st DCA 1982) (conviction for dealing in stolen property in Franklin County could not stand when defendant had previously been convicted in Gulf County of grand theft in connection with the same property); Jones v. State, 453 So.2d 1192 (Fla. 3d DCA 1984) (convictions for both grand theft and dealing in stolen property could not stand in that sale of stereo had occurred two days after its theft); Victory v. State, 422 So.2d 67 (Fla. 2d DCA 1982) (defendant who stole tractor-trailers in Pasco County and sold them in Manatee County on the same date could not be convicted for both grand theft and dealing in stolen property).
AFFIRMED in part, and the conviction for the offense of grand theft is REVERSED, and the cause is REMANDED to the trial court for resentencing, thereby requiring recalculation of appellant's sentences.
WENTWORTH, J., concurs.
ZEHMER, J., concurs and dissents with opinion.
ZEHMER, Judge (concurring and dissenting).
I disagree with the court's decision that the trial court ruled correctly in admitting Officer Kersh's testimony concerning the ceiling fans as evidence of similar criminal acts. The majority opinion discusses only the sufficiency of the evidence to prove that appellant was related to the transaction involving the sale of the fans to Kersh. I have no doubt that this appellant participated in the sale of the fans to Officer Kersh, but appellant's participation in that sale does not establish that the fans were stolen. The real issue before us is whether the evidence was sufficient to prove that the fans had been stolen, yet I find no evidence in the record establishing that fact. The videotape showed only the sale of the fans; it did not show anything proving that the fans had been stolen. In fact, during the colloquy between the court and the attorneys on the defendant's objections to the admissibility of this evidence, the state admitted that it could not prove the fans were stolen. It was clear error, therefore, for the trial court to admit similar fact evidence regarding another crime allegedly committed by the defendant in the absence of competent proof that such other crime had, in fact, been committed. Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985); Dibble v. State, 347 So.2d 1096 (Fla. 2d DCA 1977). Because officer Kersh's testimony concerning the ceiling fans was obviously prejudicial and cannot be treated as harmless error under the standards set down in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), and Lee v. State, 508 So.2d 1300 (Fla. 1st DCA 1987), the judgment of conviction should be reversed and the cause remanded for a new trial.
I concur in the court's decision that appellant could not be convicted for both grand theft and dealing in stolen property, and agree to remand for resentencing on only one of those offenses.
NOTES
[1] Appellant's conviction of burglary is not challenged on appeal.
[2] This rule was established by Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and is codified in Section 90.404(2)(a), Florida Statutes (1985).