659 So.2d 442 (1995)
Johnnie COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00710.
District Court of Appeal of Florida, Second District.
August 16, 1995.
*443 James Marion Moorman, Public Defender, and John C. Fisher, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne E. Sheer, Asst. Atty. Gen., Tampa, for appellee.
QUINCE, Judge.
Appellant was charged with attempted first-degree murder, in violation of sections 782.04(1) and 777.04, Florida Statutes (1991). He was found guilty of the lesser included offense of attempted second-degree murder with a firearm, and was sentenced to seventeen years' imprisonment, with a three-year minimum mandatory. He challenges the trial court's denial of a motion for mistrial. We reverse the conviction and remand for a new trial because highly prejudicial hearsay evidence was erroneously admitted.
The appellant shot the victim, Thomas Smith, in the parking lot of a convenience store after Smith approached the appellant there. The evidence, including that of a store clerk, did not conclusively establish whether the shooting was intentional or accidental as argued by the appellant. The eyewitness, who was inside the convenience store, testified that he heard nothing which may have been said outside in the parking area. The shooting was the culmination of a series of incidents which unfolded after the appellant discovered that the victim was dating his daughter. The issue in this appeal is whether the victim's statement at trial that the appellant's daughter had told him that the appellant had raped her was so prejudicial as to warrant a mistrial. We conclude that it was and reverse.
On redirect examination, Smith was asked when had he instructed Dorothy to have no contact with her father, the appellant. Smith stated: "Well, after she told me he raped her." Defense counsel objected and moved for a mistrial. The motion was denied, but the trial judge gave a curative instruction that the "witness's last answer is being stricken, and you are to disregard the witness's last answer." Under the circumstances of this case, the statement was so prejudicial that a curative instruction was inadequate, and the trial court should have granted appellant's motion for a mistrial.
The statement is similar to one made in McClain v. State, 516 So.2d 53 (Fla. 2d DCA 1987). In McClain, the defendant was convicted of sexual battery on a fourteen-year-old who was a babysitter for his stepchildren. During direct examination, the victim implied that McClain had done the same thing to his five-year-old stepdaughter. This court concluded that a mistrial should have been granted, and reversed for a new trial. This court in finding the error harmful opined:
There were no eyewitnesses to the alleged incident other than the alleged victim. The jury's verdict basically distilled down to whether they believed the baby-sitter's version of the events that transpired, or appellant's version. Given the quantity and quality of the evidence before the jury, we cannot say beyond a reasonable doubt that the statement did not affect the verdict.
McClain, 516 So.2d at 55. The evidence in this case also boils down to the jury having to accept the victim's or appellant's version of events.
Although there was a clerk in the store at the time of this confrontation, the clerk could not hear what, if anything, was being said outside in the parking lot. The other witnesses who testified were either EMS workers or police officers who had investigated the shooting or another incident between these parties. None of them had any direct evidence concerning the shooting. None, including the eyewitness, offered probative evidence on the issue of whether the shooting was intentional or accidental.
Similarly, in Vaczek v. State, 477 So.2d 1034 (Fla. 5th DCA 1985), the defendant stabbed a pregnant coworker, who lost her baby as a result of the attack. At a motion in limine hearing, the prosecutor represented that he was not going to introduce testimony *444 to the effect that although the victim had been pregnant at the time of the incident, she was now childless. Despite this representation, such testimony was elicited at trial. The trial court denied a motion for mistrial, but gave a curative instruction that the jury should disregard the question and answer because it was simply not an issue in the case. On appeal, the court held that the loss of the victim's unborn child was such an inflammatory fact that its admission could not be deemed harmless, nor cured by the instruction. Likewise, in the instant case, the curative instruction was insufficient to remove the prejudice inherent in the testimony.
The state argues that the statement was evidence of a collateral crime which was admissible to establish the context out of which the incident arose. On cross-examination, the victim stated that the appellant retrieved his shotgun from his car after he told appellant that Dorothy had told him everything. Subsequently, on redirect examination, the prosecutor elicited the statement that is the subject of this appeal. The state contends that the latter statement further explained the conversation which allegedly occurred before the shooting, and was therefore relevant to the appellant's motive and intent.
Even were we to assume that the statement was relevant evidence of a collateral crime which was otherwise admissible, the statement would be excludable under section 90.403, Florida Statutes (1991), as its probative value was substantially outweighed by the danger of unfair prejudice. Cf. Denmark v. State, 646 So.2d 754 (Fla. 2d DCA 1994) (evidence of prior violent criminal acts by third parties in ongoing neighborhood feud, when offered to prove context in which drive-by murder was committed, excluded as unfairly prejudicial).
We, therefore, reverse and remand for a new trial.
RYDER, A.C.J., and SCHOONOVER, J., concur.