GRIFFIN, J.,
dissenting.
I respectfully dissent because I conclude that it was an abuse of discretion for the trial court not to grant a mistrial.
The defendant was convicted, after jury trial, of vehicular homicide. According to three eyewitnesses, the defendant was traveling north, came across a double yellow line into the left lane of traffic, then swung off the road to avoid a head-on collision with a southbound truck occupied by two of the eyewitnesses. In doing so, the defendant struck several children on the sidewalk, including a young boy who died from his injuries. It appeared that the defendant was attempting to pass the car in front of him.
At trial, Trooper Barley of FHP testified that he assisted in the investigation at the accident scene. On cross-examination by the defense, Barley stated that the defendant told him at the accident scene that he had been trying to catch up with his father’s truck, his father having left their previous job some sixteen minutes before he did. The defendant objected to this testimony on the basis that it constituted a Richardson[1] violation. The defense claimed this was extremely prejudicial because the defense theory was that the defendant was not recklessly attempting to pass another car at the time of the accident, but rather had dozed off behind the wheel and drifted off the road. This was the defendant’s testimony. It also contradicted the defendant’s father’s trial testimony that his son had been traveling right behind him, and, hence, was not “hurrying.”
The trial judge conducted a Richardson hearing and determined that neither the State nor the defense was aware of this purported statement by the defendant to Trooper Barley (that he was “hurrying to catch up” (rather than dozing off)). Thus, the non-disclosure was not a willful or intentional act by the State. The defense nevertheless urged that Trooper Barley’s testimony in this regard was extremely prejudicial and that merely instructing the jury to disregard Barley’s testimony would be insufficient. The trial court denied the defendant’s motion for mistrial, but struck Trooper Barley’s testimony and instructed the jury to disregard all of Trooper Barley’s testimony.
There is no doubt that a discovery violation was established. The defendant argues that the testimony was fatally prejudicial because it impaired his trial preparation, scuttled his defense and ruined his trial strategy, which would have been materially different had the defendant’s statement been disclosed. See Reese v. State, 694 So.2d 678 (Fla.1997).
The decision to grant or deny a motion for mistrial rests within the sound discretion of the trial court and will be sustained *54 on review absent an abuse of discretion. Overton v. State, 801 So.2d 877 (Fla.2001). A mistrial should be granted only where the error is so prejudicial as to vitiate the entire trial. Id. Duest v. State, 462 So.2d 446 (Fla.1985). Where an error is committed and a curative instruction is insufficient to remove the prejudicial effect upon the defendant, a mistrial should be granted. See, e.g., Henderson v. State, 789 So.2d 1016 (Fla. 2d DCA 2000); Cooper v. State, 659 So.2d 442 (Fla. 2d DCA 1995). Here, the prejudice went to the heart of the defendant’s case. The defendant’s purported statement, so inconsistent with the defense theory of the case and coming as it did from a highway patrol officer, was one of those skunks lobbed into the jury box whose odor is so strong that no amount of disinfectant can dispel it. See Superior Industries, Int’l, Inc. v. Faulk, 695 So.2d 376, 379 (Fla. 5th DCA 1997); Walt Disney World v. Blalock, 640 So.2d 1156, 1158 (Fla. 5th DCA 1994). The defendant has a right to a new trial.

. Richardson v. State, 246 So.2d 771 (Fla. 1971).