SLEET, Judge.
Fred Washington appeals his judgment and sentences after pleading nolo conten-dere to grand theft and dealing in stolen property. He argues that the trial court erred in adjudicating him guilty of both crimes and that the trial court erred in denying his motion to suppress. We affirm the second issue without comment. However, we write to address the correctness of Washington’s dual convictions for both grand theft and dealing in stolen property. Because both offenses stem from the same course of conduct, we reverse.
On November 14, 2011, the State charged Washington by way of a single *736 information with grand theft and dealing in stolen property. Washington allegedly stole a Nintendo Wii game console on October 14, 2011, and pawned it between October 14, 2011, and October 18, 2011.
On October 26, 2012, Washington entered into a plea agreement in which he agreed to plead nolo contendere in exchange for a forty-two-month prison sentence. The trial court adjudicated Washington guilty on both counts and sentenced him to concurrent prison time in accordance with the plea agreement.
Washington argues that the trial court improperly adjudicated him guilty of both grand theft and dealing in stolen property because the dual convictions are impermissible under Florida law. Because this issue is a question of pure law, this court reviews the judgment and sentence de novo. See Lafferty v. State, 114 So.3d 1115, 1117 (Fla. 2d DCA 2013).
Washington correctly argues that convictions for both grand theft and dealing in stolen property are impermissible when they arise from the same scheme or course of conduct. See § 812.025, Fla. Stat. (2011). This is so even when a defendant enters an open guilty or no contest plea to the charges. Hall v. State, 826 So.2d 268, 271 (Fla.2002); Pomaski v. State, 989 So.2d 721, 723 (Fla. 4th DCA 2008). The information in this case indicates that the grand theft occurred on October 14, 2011, and that the dealing in stolen property occurred sometime between October 14, 2011, and October 18, 2011. Thus, the threshold issue is whether the two offenses can be a part of the same course of conduct if the conduct occurred as much as four days apart.
This court has held that dual convictions are impermissible when the theft and the dealing in stolen property occurred on the same day. See Wilson v. State, 884 So.2d 74, 77 (Fla. 2d DCA 2004). The First District determined that dual convictions were impermissible where the defendant stole a television set and sold it four days later. Stallworth v. State, 538 So.2d 1296, 1299 (Fla. 1st DCA 1989). This is especially true when there is nothing that meaningfully disrupts the flow of a defendant’s conduct by a set interval of time or set circumstances. Id.
A review of the record fails to reveal any meaningful disruption in Washington’s conduct. Accordingly, we hold that the offenses of grand theft and dealing in stolen property in this case arise from the same course of conduct and are not permitted. Therefore, we reverse and remand with directions that the trial court vacate the grand theft conviction. See Anucinski v. State, 90 So.3d 879, 882 (Fla. 2d DCA 2012).
Reversed and remanded.
LaROSE and MORRIS, JJ., Concur.