NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRY SYKES, )
)
        Appellant, )
)
v. )    Case No. 2D14-4505
)
STATE OF FLORIDA, )
)
        Appellee. )
_____ )

Opinion filed September 28, 2016.

Appeal from the Circuit Court for Lee
County; Mark Steinbeck, Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


NORTHCUTT, Judge.

        Terry Sykes appeals his judgment and sentences for second-degree

grand theft, dealing in stolen property, and false verification of ownership to a

pawnbroker. We reject without further comment his assertion that the prosecutor

tainted his trial by making improper closing arguments. But we agree with Sykes'

contention that he should not have been adjudicated guilty of both grand theft and

dealing in stolen property. Because both of those charged offenses stemmed from the same course of conduct, we reverse.

A defendant may not be convicted of both grand theft and dealing in stolen property when they arise from the same scheme or course of conduct. § 812.025, Fla. Stat. (2013). The evidence adduced at trial established that Sykes worked for a moving company. Sykes stole three pieces of jewelry while moving a client. Police discovered that Sykes and his wife pawned two pieces of the jewelry. The third piece of jewelry was never recovered.

Without some evidence evincing a meaningful disruption, a four-day separation between a theft and dealing in stolen property will not support two convictions for the same course of conduct. See Washington v. State, 130 So. 3d 735, 736 (Fla. 2d DCA 2014), quashed on other grounds, 163 So. 3d 516 (Fla. 2015). We reject the State's argument that Sykes' conviction for dealing in stolen property can be premised on the two pawned pieces and that the grand theft conviction may be separately premised on the third missing piece. As charged and proved by the State, all three pieces were taken in the same theft. The fact that only two of the pieces were then pawned does not alter the fact that the theft and the dealing in stolen property arose from the same course of conduct.

Accordingly, we reverse and remand with directions that the trial court exercise its discretion and vacate the adjudication of guilt for either grand theft or dealing in stolen property and resentence Sykes on the remaining count. See Anucinski v. State, 148 So. 3d 106, 110 (Fla. 2014).

Affirmed in part; reversed in part; and remanded.

BLACK and SLEET, JJ., Concur.