# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4992

_____

GLEN ALAN BRADSHAW,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

February 18, 2019

WOLF, J.

Glen Alan Bradshaw challenges his convictions for both dealing in stolen property and petit theft involving the same property. He asserts that the trial court violated section 812.025, Florida Statutes, when it adjudicated him guilty of both offenses. We agree and remand to the trial court to vacate the conviction and sentence for petit theft.

Section 812.025, Florida Statutes, provides:

Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for

trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.

Stated differently, "[a]djudicating a defendant guilty of both theft and dealing in stolen property in accordance with a plea of guilty or no contest violates section 812.025, if the offenses were 'in connection with one scheme or course of conduct.'" *Anucinski v. State*, 148 So. 3d 106, 108 (Fla. 2014). As the jury was instructed here, "'[o]ne scheme or course of conduct' means that there was no meaningful disruption of the defendant's conduct by either an interval of time or a set of circumstances." Fla. Std. Jury Instr. 14.2.

The State presented evidence that appellant stole sawblades from his place of employment, Yesco Scaffolding and Rentals. Appellant approached a Yesco customer about purchasing the sawblades while on the Yesco premises, and sold them to the Yesco customer later that day. Appellant told police he sold the blades the day after he obtained them. During closing argument, the State accepted appellant's version of when he took the property. Appellant argues this case is similar to *Blackmon v. State*, 121 So. 3d 535, 548 n.17 (Fla. 2013), in which the supreme court found a defendant who stole steel bars and sold them approximately two hours later committed the offenses in connection with one scheme or course of conduct.

The State argues, however, that even a single day is a sufficient break in time to justify a conviction for both offenses. Case law does not support the State's position. In *Williams v. State*, 121 So. 3d 524, 526 (Fla. 2013), the defendant stole video game systems and other electronics from someone's home and sold some of them to a pawn shop the following afternoon. The supreme court held the record did not reflect a "'clearly disjunctive interval of time or set of circumstances' 'to meaningfully disrupt the flow' of Williams' conduct." *Id. at 534* (quoting *Rife v. State*, 446 So. 2d 1157, 1158 (Fla. 2d DCA 1984)). *See also Sykes v. State*, 201 So. 3d 201, 202 (Fla. 2d DCA 2016) ("Without some evidence evincing a meaningful disruption, a four-day separation between a theft and dealing in stolen property will not support two convictions for the same course of conduct."); *Stallworth v. State*, 538 So. 2d 1296 (Fla. 1st DCA

1989) (holding  where a defendant stole television sets and sold them four days later, the offenses were part of the same scheme or course of conduct); *Jones v. State*, 453 So. 2d 1192, 1194 (Fla. 3d DCA 1984) (holding the theft of a  car stereo and the sale of that stereo two days later were part of the same scheme or course of conduct). We find this case law mandates that we remand this case to the trial court for appropriate action.

Appellant argues the appropriate remedy is to remand for the trial court to strike the theft conviction, which is the lesser offense. He is correct. *See Adoye v. State*, 224 So. 3d 887 (Fla. 1st DCA 2017).

We, therefore, remand with instructions that the trial court vacate the conviction for petit theft. Appellant need not be present.

AFFIRMED in part; REVERSED in part; and REMANDED.

LEWIS and ROWE, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.