466 So.2d 207 (1985)
Wilfred Bernard HOLLAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 63830.
Supreme Court of Florida.
January 24, 1985.
Rehearing Denied April 25, 1985.
*208 Melanie Ann Hines, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We review a decision of the First District Court of Appeal, affirming petitioner's conviction for armed robbery, Holland v. State, 432 So.2d 60, 62 (Fla. 1st DCA 1983), and certifying, pursuant to article V, section 3(b)(4), Florida Constitution, the following questions of great public importance:
WHETHER RELEVANT EVIDENCE OF A DEFENDANT'S PARTICIPATION IN A COLLATERAL OFFENSE WHICH HAS BEEN NOLLE PROSSED IS ADMISSIBLE?
IF NOT, WHETHER THE ERROR MAY BE HARMLESS?
We answer the first question in the affirmative, thus need not answer the second.
On January 8, 1980, Wilfred Bernard Holland was charged with the December 5, 1979, armed robbery of the Neptune Beach Branch of the Duval Federal Savings and Loan Institution. Petitioner's first trial resulted in a conviction which the First District Court of Appeal reversed, ordering a new trial because the trial judge failed to instruct the jury on the possible penalties which could be imposed.[1]Holland v. State, 400 So.2d 767 (Fla. 1st DCA 1981).
Prior to petitioner's first trial, the state filed notice of intent to introduce similar fact evidence pursuant to section 90.404(2)(a), Florida Statutes (1979) and Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The evidence, relevant to the issue of identity, consisted of testimony by an employee of a different branch of the same institution who identified the defendant as the person who had robbed her branch bank twelve days after the December 5 robbery. Both robberies were allegedly committed by a black male with a gold tooth, wearing a ski jacket and brandishing a small, silver derringer.
At a hearing on a motion for a new trial after the petitioner's initial conviction, the state announced that it would not prosecute the petitioner for the December 17 armed robbery.
After the initial conviction was reversed, but prior to the trial which resulted in the instant conviction, defense counsel moved to prohibit the state's use of the collateral crime evidence because of the nolle pros. The trial court denied this motion, and the evidence was introduced at trial. The petitioner was convicted and sentenced to thirty-five years in prison. On appeal, petitioner raised four issues, only two of which are relevant to our consideration, 1) that the trial court improperly admitted similar fact evidence of a crime for which the charges had been dropped; 2) that even if the admission of the similar fact evidence was proper, the trial judge committed reversible error by refusing to allow the petitioner to testify that at the time of trial he was not charged with the collateral offense.
The First District held that evidence of the nolle prossed collateral crime was properly admitted and that the trial court did not err in denying petitioner's request to inform the jury that the collateral crime charge had been nolle prossed. The district court also held that any error concerning these issues was harmless. On rehearing, the court of appeal certified these issues as questions of great public importance.
Florida Statutes section 90.404(2)(a) (1979) provides that "[s]imilar fact evidence *209 of other crimes, wrongs or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This section of the evidence code restates the Florida common law. Thus, relevant similar-fact evidence is admissible even when it points to the commission of another crime. Williams.
This case is not controlled by State v. Perkins, 349 So.2d 161 (Fla. 1977), which dealt with the admissibility of evidence of a collateral crime for which the defendant had been acquitted. While holding that such evidence would not be admissible, we carefully pointed out that "[n]othing we say here forbids admission under the `Williams Rule' of relevant evidence of collateral crimes for which acquittals have not been obtained." Id. at 164. (Emphasis added.)
We decline to extend our holding in Perkins to situations where the defendant has been charged with the collateral offense and subsequently had the charges dropped.
The fundamental unfairness which occurs when a defendant is forced to defend against similar fact evidence of a crime for which he has been acquitted is simply not present in cases like the present one where the defendant has never had to stand trial on the collateral charge. In the former situation, the defendant has been charged with a crime and been made to defend against it. The prosecution has been unable to persuade a jury of his guilt. To later allow introduction of evidence of this crime is not only repugnant to notions of fair play, but an acquittal on the charge also raises serious doubts about the relevance of the evidence itself.
Unlike an acquittal which is usually based on the merits of the case, the decision to nolle pros may be based on circumstances unrelated to the strength of the evidence against a defendant. See ABA Standards, The Prosecution Function, § 3.9(a)(b) (1970).
In the present case, the First District found as do we that evidence in the record "suggests that the [collateral] charge was nolle prossed for reasons unrelated to the strength of the state's evidence." 432 So.2d at 61 n. 1. This notion is bolstered by the fact that the decision to nolle pros the charge against the defendant for the December 17 bank robbery was made only after a conviction had been obtained for the December 5 robbery, although that conviction was later overturned. To hold that relevant evidence of a collateral crime becomes inadmissible when and if the charges for that crime are dropped would, in the present case, produce an indefensible result. If that were the rule, similar fact evidence which was clearly admissible in the petitioner's first trial would be inadmissible in his second trial for the same crime even though his initial conviction was overturned for reasons unrelated to the Williams rule evidence and despite the fact that the petitioner has never had to stand trial for the collateral crime. This result would produce a windfall to the defendant and would serve to unfairly prejudice the state's case.
Accordingly, the decision of the First District Court of Appeal is approved.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion.
BOYD, Chief Justice, concurring in part and dissenting in part.
I fully concur with the holding of the majority that the evidence of petitioner's commission of an unconnected crime was relevant and admissible as evidence of "similar fact" criminal activity under Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) and section 90.404(2)(a), Florida Statutes (1979). The fact that the other charge was not prosecuted should not deprive such evidence of admissibility if it is relevant and competent. I must dissent, however, to the majority's approval of the *210 trial court's exclusion of evidence offered by the defendant showing that the state abandoned its effort to prosecute him on the unrelated charge.
Fundamental principles of due process demand that the accused be allowed a full opportunity to respond to the evidence presented against him. Collateral crime evidence is admissible if relevant to material issues of fact arising in the trial of the crime charged, but the defendant has a right to inform the jury of all of the circumstances pertaining to the evidence adduced against him. It is true that the state's entry of a nolle prosequi upon the record could have been motivated by any of a number of reasons other than a lack or weakness of evidence. But it is nevertheless a factor which the jury should have been allowed to consider.
I would therefore approve the district court's affirmance on the issue of admissibility of the similar fact evidence but would quash on the issue of the exclusion of defendant's responsive evidence and would order a new trial due to this fundamental due process violation.
NOTES
[1] See, Tascano v. State, 393 So.2d 540 (Fla. 1980).