GRIFFIN, J.
Maurice L. Gilbert [“Gilbert”] appeals his conviction of robbery with a firearm. He contends that the trial court erred in denying his motion for continuance and in allowing testimony regarding other crimes, wrongs or bad acts. We affirm.
The crime in this case involved the robbery of a RentWay store located in a strip mall in St. Johns County on January 8, 2001. An employee, Jason Sautter [“Saut-ter”], was behind the counter when an African-American male came into the store holding, a printer. The man said: “We have a problem,” and then reached underneath his sweater and pulled out a firearm. The employee was familiar with guns from being in the military. He said the man “cocked back the slide and actually chambered a round.” The robber was wearing what looked like a Tommy Hilfiger baseball cap, a gray or tannish-colored sweater, blue jeans and glasses. He estimated the man to be five feet ten inches tall. After the robbery, law enforcement drove him by a suspect who he identified as the man who had robbed him. Sautter identified Gilbert in the courtroom as that same man.
Gilbert told Sautter to put the money from the night deposit, money from the safe and jewelry from the case into a small rectangular trash can belonging to Rent-Way. Gilbert never touched any of the items. Gilbert then told Sautter to go into the bathroom and not to come out or Gilbert would kill him.
Sautter testified that the back door to the store was locked with a wooden bar across it so that the only way Gilbert could have left the store was through the front door. He also testified that during the robbery, Gilbert’s cell phone rang three or four times.
Once Gilbert had left the store, Sautter called the police to report the robbery. Deputy Anthony Wrightsman with the St. John’s County Sheriffs Office was dispatched to the RentWay and promptly issued a “BOLO” alert over the radio.
Angel Baxter [“Baxter”], a Publix employee in the same strip mall as the Rent-Way, was in the parking lot eating her *1284 breakfast prior to going into work and had a clear view of the RentWay. Baxter testified she observed a “black guy” exit the RentWay toting a “tall object” close to his chest. The man then got into a red Geo Metro with a paper license tag in the window and a doughnut back wheel with yellow trim like a spare tire. Baxter could not observe the man’s face well enough to make an identification, but she stated he was five feet nine inches to five feet ten inches tall.
William Brightwell [“Brightwell”], an assistant store manager with K-Mart, observed a black man running in the parking lot with something clutched to his chest, getting into his car and speeding away. The car the man got into was described by Brightwell as a red hatchback, older model Geo with a doughnut right rear tire with a tan colored hubcap. Brightwell testified the man was five feet ten inches to five feet eleven inches tall, wearing glasses, a black shirt and black pants. Brightwell was later taken by law enforcement to the location where Gilbert was pulled over on the highway and he identified Gilbert as the man he saw in the parking lot.
Deputy Scott Yeoman [“Yeoman”], with St. John’s County Sheriffs Office, was off-duty at the time of the robbery and driving in his personal vehicle, listening to a police scanner. He heard the BOLO alert for a red older model hatchback Geo with a black male driver. Yeoman spotted such a vehicle and called the sheriffs office to arrange for a marked police unit.
Deputy Gregory Suchy [“Suchy”] with the St. John’s Sheriffs Office testified that on the day of the incident he was patrolling in his police car and looking for the BOLO vehicle when he was notified that Yeoman was behind the vehicle. Suchy met up with Yeoman and pulled behind a red Geo vehicle with a paper tag in the back window and a yellow doughnut spare tire with a black male driver. Suchy identified Gilbert as the driver and learned the vehicle belonged to one Eric Green. The items found in the vehicle were a piece of paper, a cell phone and a pair of purple sunglasses. No jewelry or garbage can was found. Four hundred dollars was found on Gilbert’s person.[1]
Gilbert’s wife, Tamara Monique Williams Gilbert, identified Gilbert’s cell phone number. She also testified that Eric Green called her the morning of the robbery looking for Gilbert. The cell phone records of Eric Green from January 8, 2001, the day of the robbery, were introduced in evidence and showed outgoing calls to Gilbert’s cell phone number at 7:46 a.m., 7:48 a.m., 7:52 a.m, and 7:54 a.m.
The testimony that is the subject of this appeal was that of Gregory Christopher Laseer [“Laseer”]. He testified he was employed at a RentWay in Jacksonville in December 2000 (nine days before the robbery in this case) when a black man came into the store around 7:55 a.m. After asking about computers, the man took out a black semiautomatic handgun and chambered a round, pointed it at Laseer, and said “Give me the money.” The man told Laseer to put the money and jewelry in a RentWay garbage can. Laseer and a coworker were then placed in the bathroom by the robber and given instructions to remain there or he would shoot them. He said the man was between five feet ten inches and six feet tall. Laseer later identified Gilbert from a photo lineup as the man who robbed him. Laseer also testified that Eric Green used to work with him at the Jacksonville RentWay.
Counsel for Gilbert objected to admission of Laseer’s testimony, but the court *1285 ruled that the two incidents were “shockingly similar” and allowed the testimony. We agree that the two were robberies sufficiently similar to warrant admission of Laseer’s testimony. See § 90.404(2)(a) Fla. Stat. (2001); Holland v. State, 466 So.2d 207 (Fla.1985).
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.

. Sautter testified he believed about $5,000.00 in cash was taken by the robber.