# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3059
_____

TONY ANTHONY SIMMONS JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Darlene F. Dickey, Judge.

June 19, 2024

ROWE, J.

Tony Anthony Simmons appeals his convictions for three counts of capital sexual battery. He argues that the trial court erred in allowing the admission of similar fact evidence of other crimes, wrongs, or acts of child molestation and in imposing the cost of prosecution. As to the latter, we affirm for the reasons stated in *Parks v. State*, 371 So. 3d 392 (Fla. 1st DCA 2023). We also affirm as to the trial court's evidentiary ruling.

## *Facts*

When the victim was fifteen, she confessed to her mother that Simmons had sexually abused her when she was between the ages of five and seven years old. Her mother immediately reported the

conduct to the Santa Rosa County Sheriff's Office. During its investigation, the Sheriff's Office discovered that multiple complaints had been filed against Simmons for sexual misconduct, including charges for sexual battery, lewd and lascivious molestation, and child abuse against another child victim. The State agreed to allow Simmons to plead guilty to child abuse against the victim in that case in exchange for the State dismissing the other charges.

Then, in this case, the State moved to introduce the dismissed charges in the other case and to present the other child victim's testimony as similar fact evidence of other crimes, wrongs, or acts under Florida Rule of Evidence 90.404(2)(b). At an evidentiary hearing on the State's motion, the other child victim testified about Simmons' sexual abuse. When the other child victim was fourteen, she confessed to her mother that Simmons had sexually abused her between the ages of eight and thirteen years old. Like the victim here, the conduct involving the other child victim occurred in Simmons' home and at the same location within the home. The State posed questions to elicit testimony from her to which she responded in the affirmative. For instance, when asked if Simmons touched her in a sexual manner, she responded, "yes." When asked if Simmons escalated the conduct from touching her to engaging in sexual intercourse, the other child victim responded, "yes." She then gave detailed testimony on when the conduct began, where it occurred, and statements Simmons made during the conduct. The other child victim also testified about an incident when the victim here witnessed Simmons' abuse of her. She testified that the acts occurred "every day for four years."

The State argued that the other child victim's testimony and Simmons' prior charges were admissible as similar-fact evidence of other crimes, wrongs, or acts. The victims were similar in age, shared similar experiences, and the sexual conduct occurred at the same location. Simmons raised three objections, which he repeats on appeal: (1) the State did not present clear and convincing evidence that the prior acts against the other child victim occurred, (2) the evidence is inadmissible because the State nolle prossed the prior charges against Simmons involving the other victim, and (3) the other child victim's testimony was not credible as to the frequency of the abuse and was unduly prejudicial.

The trial court found that the similar-fact evidence of Simmons' acts against the other child victim was admissible. When weighing whether the probative value of the prior acts outweighed its prejudice, the court expressed concern that the other child victim testified that the acts occurred "every day for four years." The court asked the State to tailor that portion of the witness' testimony so it would not become a feature of the trial. The court ruled that defense counsel could use the statement about the frequency of the conduct to impeach the other child victim. But the court cautioned counsel against opening the door because the other child's testimony could become a feature of the trial.

Before the other child victim testified at trial, defense renewed its objection to the similar-fact evidence of other crimes, wrongs, or acts of child molestation. The trial court overruled the objection, and the jury heard testimony from the other child victim. The jury found Simmons guilty of three counts of sexual battery. The trial court sentenced him to life in prison. This timely appeal follows.

*Analysis*

When a defendant is charged with child molestation, relevant evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible under Florida Rule of Evidence 90.404(2)(b) 1.–2.; *Williams v. State*, 110 So. 2d 654, 662 (Fla. 1959) (holding that collateral crime evidence may be admissible if it is relevant to a material issue in dispute). To admit evidence of similar-fact evidence, the trial court must first find that the State proved the prior acts by clear and convincing evidence. *McLean v. State*, 934 So. 2d 1248, 1262 (Fla. 2006). For the trial court to find the evidence clear and convincing, "the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue." *In re Watson*, 174 So. 3d 364, 369 (Fla. 2015) (quoting *Slomowitz v. Walker*, 429 So. 2d 797, 800 (Fla. 4th DCA 1983)). Then, the court must balance whether the probative value of the evidence is substantially outweighed by the

unfair prejudice to the defendant under section 90.403. *McLean*, 934 So. 2d at 1261–62.

Simmons raises three challenges to the similar-fact evidence of his prior acts against the child victim. We review for an abuse of discretion the trial court's ruling on the admissibility of the evidence. *Ivey v. State*, 374 So. 3d 924, 926 (Fla. 1st DCA 2023). As we will explain, the trial court did not abuse its discretion in admitting the similar-fact evidence.

First, Simmons argues that the State did not prove the prior acts by clear and convincing evidence because the other child victim's testimony consisted mainly of "yes" responses to the State's questions. But the record refutes this argument.

The record shows the trial court found the other child victim credible by evaluating not only her verbal testimony, but her nonverbal demeanor. The court observed on the record that the other child victim appeared timid, hesitant, and scared while testifying. She cried during her testimony, and she never looked in Simmons' direction while in the courtroom. *See Foster v. State*, 929 So. 2d 524, 537 (Fla. 2006) ("[T]he trial court has the superior vantage point to see and hear the witnesses and judge their credibility.") (citations and quotations omitted).

The record does show that the other child victim responded "yes" to several of the State's specific questions about the sexual conduct. But a question is not leading simply because it calls for a yes or no answer. "Instead, a question is leading when it points out the desired answer." *Happ v. State*, 922 So. 2d 182, 192 (Fla. 2005); *see also Porter v. State*, 386 So. 2d 1209, 1211 (Fla. 3d DCA 1990) ("[A] question which suggests only the answer yes is leading; a question which suggests only the answer no is leading; but a question which may be answered either yes or no, and suggests neither answer as the correct one, is not leading.").

In any event, even some of her testimony consisted of "yes" responses to show the type of sexual conduct she had with Simmons, the record also shows that the other child victim distinctly remembered the prior acts and described them with particularity. Based on the totality of her testimony and the trial

4

court's evaluation of her nonverbal demeanor, the record supports the trial court's finding that the State presented clear and convincing evidence to prove that Simmons committed the prior acts against the other child victim.

In his second issue, Simmons argues that the similar-act evidence was inadmissible because the State nolle prossed the criminal charges related to the other child victim. This argument fails because Florida law is clear that even when the State nolle prosses charges, the facts supporting the dismissed charges may be admissible. *Holland v. State*, 466 So. 2d 207, 209 (Fla. 1985). This is because unlike an acquittal, the State's decision to nolle pros charges is not necessarily related to the strength of the evidence. *Id.* Nothing in the record shows that Simmons' charges of sexual battery and lewd and lascivious molestation in the other child victim's case were nolle prossed because of the strength of the evidence. And so, the trial court did not abuse its discretion in rejecting this objection to the similar-act evidence.

Last, Simmons asserts that one statement the other child victim made during the evidentiary hearing—that the sexual abuse occurred "every day for four years"—was implausible. He argues that the trial court's refusal to allow him to impeach the other child victim with this statement at trial prejudiced him. This argument fails, too.

In cases involving sexual conduct against a child, when the State introduces evidence of collateral crimes, "the trial court must guard against allowing the collateral-crime testimony to become a feature of the trial." *McLean*, 934 So. 2d at 1262.

Although the other child victim testified that the sexual acts against her occurred "every day for four years," and while the number of times the act occurred may seem implausible, the trial court found her testimony taken as a whole to be clear and convincing. *See Foster*, 929 So. 2d at 537. The trial court also carefully examined whether the probative value of the evidence would be substantially outweighed by the unfair prejudice to Simmons. *See McLean*, 934 So. 2d at 1259 ("The trial courts are gatekeepers in ensuring that evidence of prior acts of child molestation is not so prejudicial that the defendant is convicted

5

based on the prior sexual misconduct."). After considering the potential prejudice to Simmons, the trial court limited the State's questioning of the other child witness and prohibited the State from eliciting testimony about the number of sex acts. And then when defense counsel asked the trial court if Simmons could open the door to that same evidence to impeach the other child victim, the trial court cautioned defense counsel that he could do so at his own risk. Simmons was not restricted from impeaching the other child victim as to the frequency of the abuse against her but he chose not to cross-examine the witness on this issue. Based on the record here, we find no abuse of discretion by the trial court in allowing the other child victim's testimony on the frequency of the abuse by Simmons.

*Conclusion*

Because the trial court did not commit any reversible error in admitting the similar-act evidence, we AFFIRM Simmons' judgment and sentence.

NORDBY and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Christina Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.