MAY, J.
The defendant appeals his conviction and sentence for burglary of a dwelling. He argues the trial court erred in admitting Williams[1] rule collateral crime evidence. We agree and reverse.
The State charged the defendant with burglary of Valdivia’s home on January 17, 2004. Once the case had been set for trial, the State filed a Notice of Intent to Introduce Evidence Under Section 90.404(2) and 90.402 Florida Statutes (2004). The court conducted a hearing on the Williams rule evidence and determined that evidence of a subsequent burglary would be admitted.
The trial testimony revealed that the victim, Valdivia’s girlfriend, was planting flowers in the front of Valdivia’s home around three o’clock in the afternoon. She saw the defendant inside the home and asked what he was doing there; after a brief verbal exchange, the defendant exited the home and fled in a black sedan. She gave a statement to the police and identified the defendant from a photo lineup. She also identified the defendant at trial.
The State then called the witness from the subsequent burglary of Stone’s residence to establish modus operandi and identification. The witness was the victim Stone’s roommate. She testified that on *575 March 22, 2004, around nine o’clock in the evening, Stone left the residence to walk the dogs. The witness heard noises coming from Stone’s room, went to investigate, and found the defendant in Stone’s bedroom. They froze momentarily; the defendant then fled through the front door and drove away in a white Pontiac. She wrote down the license plate number and contacted the police. Within a couple of hours, the witness identified the defendant from a photo line-up. She subsequently identified the defendant at trial. The police were able to trace the car back to Enterprise Rent-A-Car.
In addition to these witnesses, the State called the victim Valdivia, a crime scene investigator, the detective, and an Enterprise employee. The Enterprise employee testified that the defendant had leased a black Honda Accord from Enterprise on January 17, 2004, and had returned the vehicle on January 28, 2004. The defendant then rented a white Pontiac Grand Am on March 22, 2004, which he returned on March 23, 2004. The defense called the defendant, his daughter, and a friend, all of whom provided an alibi for him. The jury returned a guilty verdict.
The defendant suggests this court should review the issue de novo because it rests on the application of section 90.404(2)(a), Florida Statutes (2005).[2] However, we review trial court decisions concerning Williams rule evidence for an abuse of discretion. See Chandler v. State, 702 So.2d 186 (Fla.1997).
Section 90.404(2)(a) codifies the Williams rule, which provides that any evidence “relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion.” Williams, 110 So.2d at 663. The rule requires the State to file a notice of intent to offer such evidence. § 90.404(2)(c), Fla. Stat. (2005). The trial court then sets a hearing to allow each party to present argument concerning the admission of the evidence:
The trial court followed the proper procedure in this case. At the hearing, the State argued that the evidence would show the defendant’s identity and modus operands he rented cars from Enterprise, committed the burglaries, and then returned the cars. The defense argued that the crimes lacked sufficient similarity and the prejudice of the admission outweighed its probative value.
Our supreme court has reiterated that it “has never required the collateral crime to be absolutely identical to the crime charged.” Chandler, 702 So.2d at 193 (quoting Gore v. State, 599 So.2d 978, 984 (Fla.1992)). Nevertheless, similar crime evidence cannot be admitted when its sole purpose is to prove bad character or propensity. Id. at 192. And, the similarities must be so unusual or so special that they point to the defendant. Drake v. State, 400 So.2d 1217, 1219 (Fla.1981). “A mere general similarity will not render the similar facts legally relevant to show identity.” Id.
In this case, the facts revealed that the defendant rented two cars from Enterprise Rent-A-Car, and parked them on the street close to the victims’ homes. It appeared that both homeowners were visibly *576 outside of the house, one gardening, the other walking her dogs. The defendant entered the homes, unexpectedly encountered someone inside, and fled in the nearby rental ear. While no less harmful to the victims and their property, they are common garden-variety burglaries.
As the defense argues, the burglaries occurred in different areas of the city, at different times of the day, on different days of the week, in different months, and while the residents were occupied with different activities. While the vehicles were both rented from Enterprise, they were not rented solely for the purpose of committing the burglary as can be seen by the different time frames of the rentals.
This case straddles the line of admissibility under Williams. But, the identifiable points of similarity are not of that caliber of special or unusual “ ‘to indicate a relevancy beyond mere similarity in certain particulars.’ ” Williams, 110 So.2d at 659 (quoting 13 Fla. Jur., Evidence § 140). We cannot say that this error was harmless because the identification of the defendant rested on the testimony of a single witness. See, e.g., Kutting v. State, 827 So.2d 311 (Fla. 2d DCA 2002); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).

Reversed and Remanded for a New Trial.

POLEN and KLEIN, JJ., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).

. "Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.” § 90.404(2)(a), Fla. Stat. (2005).