POLEN, J.
 

 Appellant, Jean Thermidor, appeals from his conviction for robbery with a firearm. We reverse in accordance with our previous ruling in
 
 Thermidor v. State,
 
 50 So.3d 1184 (Fla. 4th DCA 2010), in which Thermidor raised the same issue.
 

 In the instant case, Thermidor was charged by information with one count of robbery with a firearm which occurred on March 10, 2006. In a separate case, Ther-midor was charged with and convicted of armed robbery, which occurred on June 21, 2006. In each case, the State filed a notice of intent to offer Williams
 
 [1]
 
 rule evidence under section 90.402, Florida Statutes. A hearing was held and the trial court granted the motion. The order on the
 
 Williams
 
 rule evidence stated that Thermidor was charged with robbery with a firearm in two cases which occurred on March 10 and June 21, 2006. The similarities were found to be as follows:
 

 [T]he victim’s [sic] are taxi cab driver’s [sic]. The victim’s [sic] both picked up the defendant after midnight and were instructed to drive to the Inverrary Village Apartment complex located at the 2900 block of NW 56th Avenue. Once inside the complex the defendant used very direct and specific instructions to lead the victim’s [sic] to the back of the complex. This area of the complex is a dead end. The two victims’ [sic] were then robbed at gunpoint. They both
 
 *743
 
 identified the defendant out of a photo lineup. The defendant lives 150 yards away from Inverrary Village apartments.
 

 The Dissimilarities in these cases are that ... once the defendant arrived at the dead end at the Invennary [sic] Village Apartment Complex, the victim was approached by the two other males, and with the assistance of the defendant, was robbed at gunpoint. In [the other case] the defendant had a gun on his person and robbed the victim by himself.
 

 At trial in the instant case, Thermidor was convicted as charged. He appeals that conviction, arguing that the trial court erred in admitting into evidence the collateral crime evidence of the armed robbery which occurred on June 21, 2006. Thermi-dor’s conviction in the related case has been reversed, in which the same issue was raised.
 
 See Thermidor,
 
 50 So.3d 1184. This court’s opinion in the related case states in relevant part:
 

 The similarities in the instant case were (1) both cab drivers picked up a black male and drove him to Inverrary Village.... (2) Both crimes were armed robbery of a cab driver. (3) The robberies occurred at the same location, Inver-rary Village, at a dead end street. The state asserts that very specific directions were given to the dead end street. However, the directions given to each of the drivers were not exactly the same, according to the testimony, and contrary to the state’s assertion, it is not clear from the testimony that they went to the same dead end street.
 

 The dissimilarities between the two eases were that (1) Thermidor carried a gun and committed the crime alone in the collateral crime case and in the instant case there were two other robbers, one of whom possessed the gun; (2) with respect to the actual robberies, the evidence did not show that how the robber(s) proceeded were similar in any way, except that they both involved taking money from the cab drivers; and (3) robbery of cab drivers is a common occurrence in South Florida and elsewhere, and does not constitute a signature-type crime.
 

 In this case, it appears that the dissimilarities outweigh the similarities, especially in light of the addition of two other robbers in the instant case. Furthermore, there does not appear to be anything especially unique about the circumstances to point to Thermidor and only Thermidor. The admission of collateral crimes evidence is subject to the abuse of discretion standard of appellate review.
 
 Gadson v. State,
 
 941 So.2d 573, 575 (Fla. 4th DCA 2006). The trial court abused its discretion in this case due to the lack of anything special, unusual, or unique about the robberies of these two cab drivers.
 

 Id.
 
 at 1188.
 

 As this court reversed Thermidor’s conviction in the earlier appeal, in which Thermidor raised the same issue, this court is bound by its previous ruling.
 

 The State, as it did in the previous appeal, argues that any error was harmless. The State notes that, in this case, the victim positively identified Thermidor in open court and from the photo lineup, and that Thermidor’s cellular phone number was used to call the cab. However, there was no physical evidence in this case. While the cab was processed for fingerprints, no usable prints were found. The victim testified that, prior to the robbery, he and the passenger discussed the fact that they were both from Haiti, but the passenger had no accent. The detective who questioned Thermidor, however, testified that Thermidor had a “Haitian or Creole type accent.” When shown a photo
 
 *744
 
 lineup, it took the victim five to seven minutes to make an identification. While the victim was able to identify Thermidor as the man who robbed him, he was the sole witness to the crime. “Additionally, if the State had proven identity to its satisfaction ... there was no need to introduce collateral crime evidence to prove identification.”
 
 Id.
 
 As this court found in the related case, “[t]he collateral crime evidence, however, did show Thermidor’s propensity for committing robberies.”
 
 Id.
 
 This court further noted that “[a]dmission of irrelevant fact evidence is ‘presumed harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged.’ ”
 
 Id.
 
 at 1188-89 (quoting
 
 Robertson v. State,
 
 829 So.2d 901, 913-14 (Fla.2002) (citations omitted)).
 

 As in the prior case, the State has not overcome the presumption of harmful error and has not shown beyond a reasonable doubt that the error was harmless.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). Accordingly, we reverse.
 

 Reversed and Remanded for a New Trial.
 

 HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).